No. 27,762.

ˈDonner C. Potts et al., *Appellees,* v. O. M. West et al., *Defendants;*
John Falkenberg, *Appellant.*

(262 Pac. 569.)

### SYLLABUS BY THE COURT.

1. Judgments — *Vacation or Equitable Relief — Intrinsic Fraud — Limitations
   of Time.* A judgment quieting title to real estate, based on publication serv-
   ice against the defendant, may not be vacated for intrinsic fraud, either by
   petition under the civil code or by independent suit in equity, unless the
   proceeding to vacate be commenced within two years from date of the
   judgment.

2. Same — *Vacating or Equitable Relief — Intrinsic Fraud — What Constitutes.*
   Fraud consisting in stating a fictitious cause of action and in supporting the
   stated cause of action by false testimony is intrinsic fraud.

Appeal from Hamilton district court; Charles E. Vance, judge. Opinion
filed January 7, 1928. Affirmed.

*George Getty,* of Syracuse, *J. E. Falkenberg* and *W. H. C. Taylor,* both of
Medford, Okla., for the appellant.

*Robert S. Field,* of Syracuse, for the appellees.

The opinion of the court was delivered by

Burch, J.: A defendant in an action to quiet title, who had been
served by publication and had made default, petitioned the court
to vacate the judgment in favor of plaintiffs, on the ground the judg-
ment had been procured by fraud. A demurrer was sustained to the
petition to vacate, and defendant Falkenberg appeals.

In May, 1914, Falkenberg commenced an action to foreclose a
mortgage on the land in controversy, given by O. M. West to L. M.
McClure and assigned by McClure to Falkenberg. The petition al-
leged that Potts and wife claimed an interest in the land, the exact
nature of which was unknown, but that the interest, whatever it was,
was subject and inferior to the mortgage. Potts and wife did not
appear. The foreclosure proceeding took the usual course, and re-
sulted in a sheriff's deed to Falkenberg, which was filed for record in
October, 1915. In October, 1919, Potts and wife commenced an ac-
tion to quiet their title to the land. Falkenberg and others were
made defendants, and Falkenberg was served by publication. The

Judgments, 34 C. J. pp. 258 n. 99, 278 n. 89, 283 n. 8, 472 n. 66.

affidavit for publication service stated Falkenberg was a resident of Jackson county, Mo., gave his post-office address, and stated service could not be made on him in Kansas. The petition alleged plaintiffs were owners in fee simple and were in peaceable possession of the land, and defendants claimed interests adverse to plaintiffs, the exact nature of which was not known, but such interests were subordinate and inferior to the interests of plaintiffs. The cause came on for hearing November 24, 1919. Falkenberg did not appear, and the court approved the service. The journal entry of judgment recited that, after hearing the evidence, the court found plaintiffs were in actual and peaceable possession of the land at the time the action was commenced, that they were owners in fee simple, that defendants had no interest in the land, and that the title of plaintiffs should be quieted. Judgement was rendered accordingly. On September 23, 1925, Falkenberg commenced this proceeding to vacate the judgment. The fraud charged consisted in presenting to the court a petition to quiet title containing false statements of fact as a basis for relief, procuring service on Falkenberg by means of a false affidavit, and taking judgment according to the false petition. The petition to vacate alleged that plaintiffs knew all about the foreclosure proceedings, knew of the sheriff's deed, knew that Falkenberg was owner of the land and in possession of it, and knew plaintiffs were not owners and were not in possession; that the entire proceeding to quiet title was a fraud on the court; that Falkenberg had no opportunity to appear and defend; and that he did not discover the fraud until in February, 1924, within two years of the time he commenced the proceeding to vacate.

The affidavit on which publication service was based was specific with reference to Falkenberg's residence in Missouri and plaintiffs' inability to serve him with process in Kansas, and jurisdiction of the court to proceed rested on the showing made by the affidavit. (*Davis v. Land Co.*, 76 Kan. 27, 90 Pac. 766.) The petition to vacate did not allege Falkenberg resided in Kansas, or could have been served in Kansas; his attorneys specifically admit he was a resident of another state than Kansas, and was absent from this state, and consequently, whether there was fraud in the service depends on whether a genuine cause of action to quiet title existed.

The petition to vacate was filed in the original action to quiet title, in accordance with the code of civil procedure, and the proceedings are governed by the code. (R. S. 60-3007, 60-3008, 60-3011.)

The judgment quieting title was rendered on November 24, 1919, the petition to vacate was not filed until September 23, 1925, and the district court had no jurisdiction to inquire whether a genuine cause of action to quiet title existed. When a judgment has been rendered, power of the court to vacate it for fraud continues for two years. At the end of two years the power ceases to exist. The time limitation is a restriction on jurisdiction to act, and the time when the fraud was discovered is not material. (*Blair v. Blair,* 96 Kan. 757, 764, 153 Pac. 544.)

Falkenberg asks that the petition to vacate be considered a petition in a new and independent suit in equity, to set aside the judgment quieting title on the ground of fraud. That may not be done, because the fraud of which he complains was intrinsic in the determination of the action to quiet title. Equity may set aside a judgment procured by extrinsic fraud, but public policy requires there shall be an end to litigation, and when a party to an action has been duly served, and has not been prevented by actual fraud from defending on the merits, he has had his day in court, and may not appeal to equity to undo the result on the ground the stated cause of action was based on fictitious grounds or was sustained by perjury. (*Blair v. Blair,* supra.) The distinction between extrinsic fraud, which prevents fair presentation of the controversy to the court, and intrinsic fraud, which relates to fair determination of the controversy by the court, was clearly pointed out in the case of *Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 735, 106 Pac. 1079. It was there said that equity will relieve against extrinsic fraud, but not against intrinsic fraud, and authorities for the doctrine were collated. The subject was again treated in a recent hard case in which a distressingly fraudulent judgment was rendered in December, 1919, and the petition to vacate was not filed until January, 1923. (*Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 215, 243 Pac. 306.) In the case of *Harvey v. Dolan,* 103 Kan. 717, 176 Pac. 134, the defendant in an action to quiet title, who had been served by publication, filed a belated petition to vacate the judgment on the ground of fraud. The fraud charged was that the petition in the action to quiet title contained a false and fraudulent allegation relating to plaintiff's possession, and the court was imposed on by false testimony. In the opinion it was said the proceedings in the action to quiet title did not reveal the fraud; therefore, the defendant's remedy was that provided by the code, and be-

cause he did not move to vacate the judgment within two years from the date of its rendition, he was remediless. The opinion concludes as follows:

"The misfortune of the plaintiffs, that they failed to learn of the decree until some six years after its rendition, cannot operate to extend the running of the statute beyond the period fixed by the legislature. Had the plaintiffs come into court within the statutory period, the matters of cotenancy and adverse possession argued by counsel would have been proper for consideration, but the time for such consideration has passed." (p. 719.)

The result is, the demurrer to the petition to vacate was properly sustained.

In a supplemental brief filed by Falkenberg, the sufficiency of the affidavit for publication service in the action to quiet title is challenged. The challenge was not made in the petition to vacate, and it may not be considered here.

The judgment of the district court is affirmed.