No. 28,106.

IDA PUTNAM, *Appellant*, v. C. E. PUTNAM, *Appellee*.

(268 Pac. 797.)

Opinion filed July 7, 1928.

*J. M. Johnson, Donald W. Johnson* and *W. Edgar Orndorff,* all of Kansas City, Mo., for the appellant.

*W. B. Pleasant,* of Ottawa, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from an order sustaining an objection and demurrer to a motion filed in a divorce action nine years after the judgment was rendered in the action, and involves the question of the statute of limitations and the question as to fraud alleged in the petition being intrinsic or extrinsic.

In 1917 Ida Putnam brought an action in Douglas county for divorce and alimony. Her husband, C. E. Putnam, appeared and answered. After hearing the evidence the court made findings of fact and conclusions of law and rendered judgment denying the divorce, but adjudging the plaintiff entitled to an equal division of the property then owned by the defendant, and awarding property to her of the adjudged value of $81,050.

On May 25, 1927, the plaintiff filed in this same action what she denominates as a motion of plaintiff for discovery, accounting and division of concealed property, alleging "that during said trial defendant wrongfully and fraudulently concealed from plaintiff and concealed from the court the fact that he was the owner of the following-described lands" in Franklin and Anderson counties, Kansas. It also alleges the same as to some property in California. The motion states that plaintiff had no knowledge of the concealment until one month prior to the filing of the motion. The motion concludes with a prayer for disclosure and accounting of the property owned by defendant at the time of the adjudication of the cause.

The objection and demurrer which the trial court sustained was urged by appellee because the motion did not state facts sufficient to constitute a cause of action and because it was barred by the statute of limitations. In the intervening period of nine years the plaintiff became a resident of Franklin county and there, in another divorce action, obtained a divorce on service by publication, the defendant having become a resident of Illinois. In the original case an appeal was taken by the defendant from the judgment of the trial court, and such judgment was affirmed. (*Putnam v. Putnam*, 104 Kan. 47, 177 Pac. 838.)

Appellant, in this review, attempts to avoid the effect of the two-year statute of limitations by asserting that the motion is not filed under the provisions of R. S. 60-3007 to 60-3013, which provide for the opening up, setting aside, or modifying of a judgment by mo-

tion or petition filed within two years after the judgment was rendered on the ground of fraud practiced by the successful party in obtaining the judgment, but is filed and presented under R. S. 60-306, which provides that—

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

. . . . . . . . . . . . .

"Within two years: . . . An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The allegation in the motion as to the discovery of the concealment and fraud only one month before the filing of the motion is in harmony with one of the provisions of this statute. But is this motion an action? Can the motion filed by the plaintiff be called an action? It was something filed in a divorce action which accrued and was tried out nine years before this motion was filed. Five of the cases cited in this connection by appellant show in the opinions they were brought under R. S. 60-3007 to 60-3013. (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544; *Harvey v. Dolan,* 103 Kan. 717, 176 Pac. 134; *Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 243 Pac. 306; *Potts v. West,* 124 Kan. 815, 262 Pac. 569.) Our attention has not been directed to any Kansas case brought like this matter by motion in the original case as being under the provisions of R. S. 60-306.

It is argued that the court might treat this motion as a new and independent action, the defendant having appeared and filed his pleading thereto; but appearing and filing a pleading in an old and fully-settled case is very different from submitting to the jurisdiction and entering appearance in a new and independent action. Some of the cases above cited were new and independent actions, as was the case of *Huls v. Gafford Lumber & Grain Co.,* supra, but it was being maintained under R. S. 60-3011 and was subject to the limitations above mentioned, with the modification in case of minors. There was no contention that it was a new and independent action under R. S. 60-306.

It is said in *Blair v. Blair,* supra, that "without the statute power to vacate a judgment merely voidable would end with the expiration of the term at which the judgment was rendered." (p. 764.) This power is given to the courts by R. S. 60-3008, and the pro-

ceedings must be commenced within two years after the judgment is rendered. In the case of *Potts v. West,* above cited, the judgment was rendered quieting title and a new action was commenced to vacate that judgment on the ground of fraud, the plaintiff urging it to be a new and independent suit in equity to set aside the judgment on the ground of fraud. The court in the opinion said:

"The judgment quieting title was rendered on November 24, 1919, the petition to vacate was not filed until September 23, 1925, and the district court had no jurisdiction to inquire whether a genuine cause of action to quiet title existed. When a judgment has been rendered, power of the court to vacate it for fraud continues for two years. At the end of two years the power ceases to exist. The time limitation is a restriction on jurisdiction to act, and the time when the fraud was discovered is not material." (p. 817.)

The motion being one in effect to set aside or modify a former judgment in the case on the ground of fraud is necessarily presented and maintained under the provisions of R. S. 60-3007 to 60-3013, and is not an action under the provisions of R. S. 60-306; and the two-year restriction within which after the rendition of the judgment such motion or petition can be filed controls, and the motion is barred.

Whether the motion states facts sufficient to constitute a cause of action, aside from the question of the restriction or limitation, depends almost entirely upon the question of the alleged fraud or concealment being intrinsic or extrinsic. It is conceded that any intrinsic fraud perpetrated on the trial of the case would not authorize a court to set aside or modify a judgment. This would, of course, include perjury, the introduction of false documents, and concealing the facts during the trial. But appellant contends it would not include the concealing by the defendant from the plaintiff of information as to other property owned by him prior to the commencement of the action. Whatever fraud there might have been in such concealment before the trial, it was lost when that very question became an issue in the trial. The court made a finding as to the property owned by the defendant. The fraud consisted in concealing some of his property from the court, as the motion alleges. Suppose the defendant, prior to the time he was sworn as a witness, concealed from his wife and all others the extent of his property, but when sworn and put upon the witness stand made a clean breast of it and enumerated every piece of it. Would his conduct prior to the trial constitute any ground for setting aside the judgment? The culmination of the whole matter is in the court at the time of the

trial, and the question of whether or not there was fraud there will determine that issue, regardless of fraud or concealment prior to the trial. All the fraud alleged in this motion appears to us to be intrinsic rather than extrinsic. It was all concerning matters that were vital issues in the case. The court attempted to ascertain the full extent of defendant's property, and his action or judgment was intended as a division of all the property. The fraud, if any, was in the trial, and intrinsic.

There was no attempt made to keep the plaintiff away from the trial or to induce her not to ask for her share of the property accumulated by both of them together, or designedly to avoid getting legal service or give legal notice or any of the many fraudulent tricks to prevent her from having a fair trial. These would be extrinsic.

"Fraud consisting in stating a fictitious cause of action and in supporting the stated cause of action by false testimony is intrinsic fraud." (*Potts v. West,* supra, syl. ¶ 2.)

"The fraud which will authorize a court to vacate a judgment in an action brought for that purpose under section 570 of the code of civil procedure must be extrinsic or collateral to the matter involved in the former action, and sufficient to justify the conclusion that but for such fraud the result would have been different.

"In an action to vacate a judgment for fraud of the successful party a petition fails to state a cause of action where it relies solely upon the ground that the judgment was obtained upon false or perjured testimony, and shows that the issue to which the alleged false testimony relates was raised by the pleadings and was tried out upon a conflict of testimony, the truth or falsity of which was necessarily determined in the former action." (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, syl. ¶¶ 2, 3.)

The distinction between intrinsic and extrinsic fraud is well defined in the opinion in the case last cited. By extrinsic fraud is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. But fraud is intrinsic and included in the judgment where it relates to questions that were in conflict and which were necessary for the court to determine.

Appellant not only relies upon the prior concealment of property from the wife as being extrinsic fraud, but alleges and urges the practice of furthering such scheme by taking the title to lands in the name of his sister and by deed with the name of the grantee in blank. This is referred to and set out in the opinion in this case on page 49 when it was here before, as one of the features of the case shown by the evidence. We think the motion did not state facts

sufficient to entitle the appellant to the relief for which she prayed and that the objection and demurrer was properly sustained.

Having reached this conclusion, it will not serve any good purpose to consider or discuss other points raised in the briefs.

The judgment is affirmed.