No. 35,414

JOHN BITSKO et al., *Appellants*, v. M. K. BITSKO, HELEN M. PUCKETT and RAY E. BITSKO, a Minor, *Appellees* and *Cross-appellants*.

(122 P. 2d 753)

Opinion filed March 7, 1942.

*C. E. Pile,* of Parsons, argued the cause for the appellants.

*Elmer W. Columbia* and *C. J. Taylor,* both of Parsons, argued the cause for the appellees and cross-appellants.

The opinion of the court was delivered by

ALLEN, J.: This was an action to set aside a judgment. Three separate causes of action were alleged in the petition. The defendants filed separate demurrers to the petition, which were overruled. Motions to strike were filed. The court sustained the motion to strike paragraphs 5 to 14 of the first cause of action. Plaintiffs appeal from this order "as it involves the merits of plaintiffs' cause of action." The cross-appeal by defendants is to the order overruling the demurrer to the petition.

The action is to set aside the judgment entered in case No. 5047. In that action Mary Bitsko was plaintiff and The Parsons Commercial Bank, Ray E. Bitsko and Helen M. Puckett (nee Helen M. Bitsko) were defendants. The action was to set aside and cancel certain deeds and to quiet title to certain described land. M. K. Bitsko filed an intervening petition. A brief outline of the facts leading to that action and the resulting judgment will be stated.

It appears that John Bitsko and Mary Bitsko were the parents of five children (M. K. [Mike] Bitsko, George Bitsko, John Bitsko, Jr., Joe Bitsko and Marie Tallman) and had two grandchildren (Helen Bitsko Puckett and Ray Bitsko).

John Bitsko died in April, 1933, testate, and under his will his widow Mary Bitsko became the owner in fee simple of the land in dispute.

On May 15, 1936, Mary Bitsko executed various deeds to her children and grandchildren. The deeds were deposited in the Parsons Commercial Bank in escrow, to be delivered to the respective grantees at the death of Mary Bitsko. At the time the deeds were delivered to the bank Mary Bitsko signed and delivered to the bank an escrow agreement which directed the bank to deliver the deeds at her death and which recited that she surrendered all claims to the possession or right of possession to the deeds.

Thereafter Mary Bitsko brought an action to set aside and cancel the deeds to the defendants named above in case No. 5047. She alleged the deeds were executed at the special instance and request of her son M. K. Bitsko (father of Helen Puckett and Ray Bitsko); that she was unaware the escrow agreement contained the clause

wherein she surrendered all claim to the possession or the right of possession of the deeds; that from the representations made to her by her son M. K. Bitsko she believed she could at any time demand the return of the deeds to her; that the deeds were executed and deposited in the bank by reason of the representations and deceit of her son M. K. Bitsko; and prayed for the cancellation of the deeds so executed.

To this petition the defendant Parsons Commercial Bank filed an answer stating the facts as to the deposit of the deeds and the escrow agreement. The guardian *ad litem* of the minor defendant Ray E. Bitsko filed a general denial. The defendant Helen Puckett in her answer alleged that her grandmother, the plaintiff Mary Bitsko, entered into an agreement with defendant that if defendant would quit school and live with her grandmother, assist in caring for her and doing the housework, that at the death of her grandmother defendant Helen was to have the land described in the deed to her; that defendant fully performed her part of the contract, and that by reason thereof she was the owner of such land subject to the life estate of her grandmother.

In the petition of intervention filed by M. K. Bitsko it was alleged that in February, 1933, his parents John and Mary Bitsko resided on a farm near Mound Valley, Kan.; that at that time intervenor was residing, and for ten years had been residing, in Tulsa, Okla.; that he was employed at a salary of $225 per month; that his father wanted him to return to Kansas and wanted intervenor "to move in with him and run the farm" on which his parents resided; that if intervenor would do so he was to have eighty acres of land; that plaintiff accepted such proposal; that he moved on the farm and complied with the contract so entered into, and that the deed executed to him by his mother after the death of his father was in fulfillment of the agreement.

Upon the issues thus joined the case was tried. The trial court made findings of fact and returned conclusions of law. The conclusions are as follows:

"The court concludes, as a matter of law from the facts as hereinabove determined, as follows:

"1. That the deeds hereinabove referred to, conveying the land therein described to the grantees therein named, are valid and subsisting instruments.

"2. That the escrow agreement hereinabove referred to is a valid and subsisting instrument, and that said escrow agreement is by its terms irrevocable.

"3. That the oral agreement entered into between John Bitsko, deceased,

and the son, M. K. Bitsko, hereinabove referred to, is not within or governed by the statute of frauds.

"4. That the oral agreement entered into between M. K. Bitsko and his mother, Mary Bitsko, hereinabove referred to with reference to the daughter, Helen Bitsko Puckett, living with the plaintiff, Mary Bitsko, is not within or governed by the statute of frauds.

"5. That Mary Bitsko made a completed delivery of said deeds to the Parsons Commercial Bank as the agent of the grantees named in said deeds, and that said bank is now holding said deeds under the terms of said escrow agreement as the agent of the respective grantees named in said deeds for delivery to each of said grantees upon the death of the plaintiff, Mary Bitsko.

"6. That plaintiff, Mary Bitsko, is not entitled to the relief as prayed for in her petition, and that judgment should be rendered herein in favor of the defendants and the intervenor, M. K. Bitsko, and against plaintiff for the costs of this action."

On April 10, 1940, judgment was entered on the findings and conclusions in favor of defendants. No appeal was taken from this judgment.

The present action to set aside the judgment so entered was filed July 7, 1941. The plaintiffs claim under deeds from their mother, Mary Bitsko, dated April 18, 1940, and also under her will. Mary Bitsko died June 16, 1941.

In plaintiffs' first cause of action it was alleged that judgment was secured by false testimony in that M. K. Bitsko knowingly, willfully and frauduently testified to certain falsehoods. The petition covers many pages. We insert figures to indicate the paragraphs.

The petition alleges that M. K. Bitsko testified falsely (1) that he paid his mother as rent one-half of the hay on 80 acres, (2) as to the date of a certain discussion with his father for the purchase of 80 acres, (3) as to the date he worked in a glass factory, (4) as to the length of time he worked in a glass factory, (5) as to the amount of money he contributed to the purchase of the 80 acres.

We quote the next paragraph (also numbered 5 in the abstract):

"5. Said defendants M. K. Bitsko, Helen M. Puckett and Ray Bitsko are not entitled to the equitable protection of this court for the reason the documentary evidence in this case shows that the domestic relation contract alleged to have been made for the benefit of said Helen M. Puckett is unenforceable because it is wholly indefinite in its terms in that it alleges that said Helen M. Puckett was to do 'the work around the place.' Said place obviously consisted of one hundred and sixty (160) acres of farm land and it is unreasonable to specify the duties of Helen M. Puckett in such indefinite phrases, and further, the lease executed by Mary Bitsko and Ray Puckett January 23, 1939, provides that said Ray Puckett was to furnish Mary Bitsko 'room and

board' and said Helen M. Puckett had no liability to said Mary Bitsko whatever by reason of said lease. Said lease affirmatively shows that said Helen M. Puckett had wholly abandoned any domestic duties she had ever professed to perform relative to the care of said Mary Bitsko.

"6. Said Helen M. Puckett was the wife of said Ray Puckett and she and her husband have wholly failed in the equities in this case, in that they have never extended to, nor provided for, said Mary Bitsko the value of the room and board which said Ray Puckett agreed to provide for said Mary Bitsko during the term of said lease."

Under paragraph 7, Helen M. Puckett is charged with feeding sheaf oats, whereas the lease provided that the oats should not be fed until threshed. Paragraph 8 charges that the defendants "are without equity in this cause for the reason that they fraudulently and willfully planned and continuously coöperated to cheat, wrong and defraud said Mary Bitsko, and the objects of her bounty, by arranging to secure for themselves and for each other the deeds involved in this lawsuit."

Paragraph 9 covers several pages. We quote a part thereof:

"9. These petitioners allege that on or about January 1, 1934, said M. K. Bitsko, Helen M. Puckett, and Ray Bitsko were in collusion to cheat, wrong and defraud Mary Bitsko, and these petitioners who were the prospective recipients of the bounty of said Mary Bitsko. That September 30, 1939, said M. K. Bitsko, as Michael K. Bitsko, under oath alleged that said Mary Bitsko was indebted to him in the following amounts:

"Eleven days painting inside the large house (house on the home place) December 18-30, 1936, $33. These petitioners allege that at that time said M. K. Bitsko purchased and applied to said house 1½ gallons of casine coating. That a fair and reasonable charge for applying said coating was $5. That said item was false and dishonest in the sum of $28."

Then follows an elaborate recital of similar work done and overcharges made for such work. The last sentence of paragraph 9 reads: "That said false and fraudulent accounts sworn to by said M. K. Bitsko was and is a part of the general scheme and plan followed by said M. K. Bitsko, Helen Puckett, Ray Bitsko and Ray Puckett to cheat, wrong and defraud said Mary Bitsko and to deprive these petitioners of their prospective portion and part in the estate of said Mary Bitsko and to deplete the estate of said Mary Bitsko and absorb for themselves her property."

Paragraph 10 recites that in the year 1933 the defendants began using certain farm machinery belonging to Mary Bitsko; that in September, 1940, Mary Bitsko made demand for this machinery, only a part was returned, and the balance is still in possession of defendants.

Paragraph 11 alleges that M. K. Bitsko is now indebted to the estate of Mary Bitsko in certain sums set out.

Paragraph 12 is a recital of a dispute between M. K. Bitsko and his mother concerning a lumber bill. Paragraphs 13 and 14 contain a recital of certain transactions after the date of the judgment which plaintiffs seek to set aside. In paragraphs 2 and 15 plaintiffs claim to own the land in dispute under deeds and the last will of Mary Bitsko.

The second cause of action refers to the first cause of action and makes the allegations thereof a part of the second cause. It is then alleged:

"2. Plaintiffs respectfully allege that the judgment and decree made and entered in this cause April 10, 1940, was made and entered because of certain mistakes, inadvertences and misapprehensions as follows:

"(1) Court and counsel overlooked the force and effect of the rule of law that escrow instruments during the period of their sequestration, are nullities, and are of no force and effect during sequestration.

"(2) Court and counsel also overlooked the fact that the doctrine of relation back, as applied to the taking effect of escrow instruments, has no application whatever during the period of escrow, and that the initial point and moment from which the doctrine of relation back applies is the moment of the fulfillment of the unperformed condition involved in the escrow, or the happening of the contingency which vitalizes the escrow and causes it to become operative and effective."

It was further alleged that the court "as a mistake of fact" failed to apprehend that all the facts and circumstances involved proved that at the time the deeds were executed to defendants Mary Bitsko was under the domination of the defendants; that by reason of mistake and inadvertence the court overlooked the fact that the deeds attacked in the original action were testamentary in character.

In the third cause of action plaintiffs allege that long prior to and during the trial in the original action the attorney for the plaintiff was in ill health, and that by reason of his weakened condition he was not able to try the case with the vigor and skill that characterized him in the fullness of health and when free from affliction, and that by reason of the illness of counsel the judgment is the result of unavoidable casualty.

Plaintiffs pray that the court make an order setting aside the judgment and that a new trial of the issues involved be granted.

Assuming the allegations in the first cause of action charged fraud in the procurement of the judgment, the fraud was clearly intrinsic, not extrinsic, and under the law of this state affords no ground to

set aside a solemn judgment entered by the court after a full hearing upon the issues.

*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Miller v. Miller,* 89 Kan. 151, 130 Pac. 681; *Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 243 Pac. 306; *Potts v. West,* 124 Kan. 815, 262 Pac. 569; *Putnam v. Putnam,* 126 Kan. 479, 268 Pac. 797; *Elfert v. Elfert,* 132 Kan. 218, 294 Pac. 921; *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 89 P. 2d 847.

The second cause of action is predicated on the proposition that in the original trial the court overlooked the law applicable to instruments placed in escrow. If that question had been presented to this court upon an appeal from the judgment it would have received consideration. The naked allegations afford no basis to set aside a judgment duly entered, and from which no appeal was taken. (See cases above cited.) As a general rule, the only mistake for which equitable relief from a judgment will be granted is a mistake of fact, and not a mistake of law. (31 Am. Jur., Judgments, § 640.)

In the third cause of action plaintiffs ask that the judgment be vacated and set aside on account of the illness of the attorney for the plaintiff in the original action. It is not alleged that an application for continuance was made on the ground that counsel was ill and that such application was refused; that plaintiff in the original action used diligence to secure other counsel, or that there was an abuse of discretion on the part of the court in proceeding with the trial during the illness of counsel.' Clearly the alleged cause of action was without merit.

As the petition failed to state a cause of action the order and judgment of the trial court in sustaining the motion to strike certain paragraphs from plaintiffs' first cause of action is affirmed. As the demurrer of defendants should have been sustained as to that part of the petition not stricken, the judgment of the court in overruling defendants' demurrer to the petition brought up on the cross appeal is reversed.

Hoch, J., not participating.