No. 38,696

QUIVIRA, INC., a corporation, *Appellant*, v. QUIVIRA COMPANY, INC.,
a corporation, *Appellee*.

(245 P. 2d 972)

Opinion filed July 3, 1952.

*John E. Shamberg*, of Kansas City, argued the cause, and *Thomas H. Finigan*
and *Charles S. Schnider*, both of Kansas City, were with him on the briefs for
the appellant.

*T. F. Railsback* and *N. E. Snyder*, both of Kansas City, argued the cause, and
were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action originally commenced on January
14, 1948, to compel the defendant to convey certain lots which com-
prised only a portion of real estate described in an option agree-
ment between the defendant and plaintiff's assignors. As the
result of a motion to make definite and certain, on May 1, 1951, an
amended petition was filed. A demurrer thereto was sustained
June 28, 1951, and on July 14, 1951, a second amended petition was
filed. A demurrer to the last mentioned petition was sustained on
September 6, 1951. On October 3, 1951, a third amended petition
was filed, and on November 30, 1951, defendant's demurrer thereto
was sustained, and in due time plaintiff perfected its appeal from
the last ruling, its specification of error being that the trial court
erred in sustaining the demurrer.

In this court the appellant has filed a brief which consists solely
of a "statement of facts" in which a part of the facts alleged in the
third amended petition is set forth, and an "argument." The brief
does not contain any "statement of the question involved" nor does
the "argument" contain any citation of "authorities in support of

each point relied on" as required by our rule No. 6, (3); (*b*) and (*d*).

Following the filing of appellant's brief, the appellee filed its motion that the appeal be dismissed because of claimed insufficiency of appellant's specification of error in its abstract and its failure to comply with our rule as to briefs. The motion as made was denied with leave to renew at the hearing on the merits, and in its brief subsequently filed the appellee has renewed its motion at length.

In support of its contention the specification of error is insufficient, appellee directs our attention to *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553, where it was held that assignments of error which merely state the trial court erred in rendering judgment present no specific questions for appellate review and warrant dismissal of the appeal. The appeal in that case was from a judgment on the merits. We are not aware of any case where we have held that a specification of error that a trial court erred in ruling on a demurrer was insufficient, and we shall not do so now or hold the appeal should be dismissed on the ground just mentioned.

A quite different situation is presented by the other portions of the motion to dismiss. As stated, appellant's brief contains no statement whatever as to any questions involved, cites no authorities, his entire argument consisting of one page the substance of which is that it appears to appellant the demurrer should have been overruled; that it had stated the facts; that the facts were to be resolved in its favor, and it was entitled to know whether appellee had sold certain lots and that appellant believed the lots or some of them had not been sold and were actually its property. At no place is it stated wherein the trial court was in error. Dismissal of the appeal would be warranted for the reasons mentioned in this paragraph, but we have concluded to proceed further.

Of course it would be possible for this court to review the record to discover whether the trial court committed error. However, the rule is that error is never presumed (*Elliott v. P. H. Albright Farm Loan Co.,* 129 Kan. 280, 282 Pac. 749) and that the burden is on the party alleging error to show it. (*Fakes v. Osborne,* 165 Kan. 176, 193 P. 2d 218. See also cases listed in West's Kansas Digest, App. & E., § 901, and Hatcher's Kansas Digest, App. & E., § 408.)

The appellant has in no manner met the burden upon him, and the ruling appealed from is affirmed.