No. 39,322

ALVIN B. SMITH, *Appellee,* v. MRS. J. S. DEHAY, *Appellant,* and ORA MAE SMITH, *Appellee.*

(271 P. 2d 251)

Opinion filed June 12, 1954.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellant.

*L. A. Watson* and *Robert C. Dauffenbach,* both of Wichita, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action in peaceable entry and forcible detainer and for recovery of money on a verified account for rent due. From an adverse judgment, one of the two defendants has appealed.

The action was filed in the city court of Wichita and personal service of summons was made on defendant DeHay. Subsequently plaintiff filed a motion to make Ora Mae Smith, his wife, a co-owner of the property in question, an additional party defendant.

This motion was sustained. Such additional party defendant then filed a verified answer seeking relief against defendant DeHay in harmony with plaintiff's verified complaint.

Following several hearings and continuances, defendant DeHay's (hereinafter referred to as defendant) demurrer to the pleadings on the ground they did not state a cause of action was overruled. On April 21, 1953, the matter came on for trial, and at the conclusion thereof the court rendered judgment against defendant in the amount of $532 for rent due to date of judgment, and for restitution of the premises. Defendant then appealed to the district court.

In July, 1953, the action came on for trial. Plaintiff and the additional party defendant moved for judgment on the pleadings as to rent due on the ground that defendant had not filed a verified denial to the verified rent account filed by plaintiff. The record then shows that after informal argument and colloquy between court and counsel it was stipulated by the parties that the monthly rental of the property in question was $120, and that no rent had been paid by defendant since the date of the judgment in the city court. Defendant was in default of pleadings but through her counsel stated that she was standing on her oral demurrer. This demurrer was overruled, and after further proceedings the court rendered judgment for the restitution of the premises and entered a money judgment for rent due in the amount of $1,188, and for costs.

Defendant's motion for a new trial was overruled, and she has appealed through counsel other than the attorney who represented her in the courts below.

Defendant alleges some eleven specifications of error which attack each and every step and action taken by the trial court leading up to and including the overruling of her motion for a new trial. In our opinion it is unnecessary to take up and discuss each alleged error. An examination of the record indicates that all proceedings below were had in conformity to the various provisions of Article 13, Chapter 61, G. S. 1949. Furthermore, there is no merit to defendant's contention with respect to the rendition of judgment for double rent from the date of the appeal bond to the date of judgment. (G. S. 1949, 61-1011.) We pause to note, however, in answer to a request contained in the brief of appellees, that with respect to the matter of double rent the extent of this court's jurisdiction is to affirm, reverse or modify the judgment below.

Despite the urging by counsel for defendant that this court should

take this opportunity to clarify previous interpretations concerning actions of this nature, we are of the opinion, as heretofore stated, that applicable provisions of our detainer statutes were followed in the trial of this case and that further discussion thereof would add nothing to the law on the subject.

A presumption of validity attaches to a judgment of a district court, and this presumption obtains and continues until it has been made affirmatively to appear that error, which is never presumed, has been committed. (*Quivira, Inc. v. Quivira Co., Inc.,* 173 Kan. 339, 245 P. 2d 972.)

No error being shown, the judgment of the trial court is therefore affirmed.