No. 39,943

STATE OF KANSAS, ex rel., LAURENCE R. MULLIKEN (JULES V. DOTY), County Attorney of Cherokee County, Kansas, *Appellee,* v. G. W. HENDERSON, County Clerk of Cherokee County, Kansas; HAROLD B. RELF, County Superintendent of Public Instruction of Cherokee County, Kansas; and THE BOARD OF EDUCATION OF THE CITY OF WEIR of the State of Kansas, *Appellees,* THE BOARD OF EDUCATION OF THE CITY OF SCAMMON of the State of Kansas, *Appellant.*

(292 P. 2d 718)

Opinion filed January 28, 1956.

*Fayette Rowe* and *Robert T. Patterson,* both of Columbus, argued the cause and were on the briefs for the appellant.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Howard Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for the appellee, The Board of Education of the City of Weir.

The opinion of the court was delivered by

PRICE, J.: This was a mandamus action brought by the state on the relation of the county attorney of Cherokee County against the county clerk, and arose out of a controversy between the boards of education of the cities of Weir and Scammon. Other public officials, in their official capacities, were made parties to the action as it progressed, but the appeal from the judgment ultimately rendered has been taken only by the board of education of the city of Scammon (hereinafter referred to as Scammon).

Due to the disposition of the case made by the trial court and the nature of the questions involved, we deem it unnecessary to set forth the allegations of the pleadings, and it is sufficient to state that the controversy between the two boards of education concerned the detachment of certain territory from one school district and its attachment to the other.

From the record it appears that during the course of this litigation various negotiations and attempts to settle the controversy were had by all parties thereto, including the school boards, and on October 14, 1954, the court continued the matter until a later date. On March 1, 1955, the matter came on for further hearing, and on that date a judgment was rendered pursuant to an agreement of the parties with respect to the allocation of the lands in dispute. It is from this judgment that Scammon has appealed.

In general, it may be said that the specifications of error are that the trial court erred in failing to rule upon the motion to quash the alternative writ of mandamus; in sustaining the motion of the board of education of Weir for entry of judgment as per the agreement; in entering judgment in favor of the board of education of Weir in that there is no law upon which to base the judgment; in finding that Scammon entered into an agreement to transfer certain territories, and in holding that Scammon was a party to the action.

In passing, it is noted that Scammon, the only appellant, filed no post-trial motions of any kind, including a motion for a new trial.

With respect to alleged error in failing to rule upon the motion

to quash, it is obvious that if the judgment which was rendered pursuant to the agreement of the parties is to stand, a ruling on that motion would have been superfluous.

Concerning the contention that Scammon was never a party to the action, it is sufficient to say that such fact is simply not sustained by the record. Perhaps it is correct to say that according to its theory of what transpired Scammon was "in and out" of the lawsuit, but the journal entry of judgment specifically states that it was a party and represented by counsel who now represent it in this appeal. In fact, the judgment ultimately rendered included an amendment so as to conform to a motion presented by Scammon through its counsel.

With respect to the contention that Scammon did not enter into an agreement to transfer certain territories from its district, we are faced with the unqualified finding by the trial court to the effect that on October 14, 1954, the parties, including Scammon, did enter into a valid and binding agreement concerning the matters in dispute. If the propriety of this finding depends upon controverted issues of fact, the filing of a motion for a new trial was a condition precedent to a review of those facts, and, as previously stated, no such motion was filed. (*Smith v. Kansas Transport Co.*, 172 Kan. 26, 238 P. 2d 553.)

The remaining two alleged errors concern the entry of judgment.

The journal entry of judgment was signed and approved by the court, by the county attorney, by counsel for the Weir school board, by counsel for the county superintendent, and in behalf of the county clerk by one of the attorneys now representing Scammon in this appeal. It was not signed and approved by counsel for Scammon, as such. The record is silent concerning whether resort was had to the provisions of G. S. 1949, 60-3827 (rule No. 49), with respect to the form and contents of the journal entry of judgment. On the other hand, Scammon's chief complaint is not that the journal entry does not recite correctly the judgment of the court, but rather is that the judgment rendered is erroneous.

It is well established that a presumption of validity attaches to a judgment of a district court until the contrary is shown, and that before this court will set aside a judgment it must affirmatively be made to appear by an appellant that the judgment is erroneous. Absent such affirmative showing, this court has no alternative than to affirm. (*State, ex rel., v. Rural High School District No. 3*, 169

Kan. 671, 220 P. 2d 154; *Gillen v. Stangle*, 175 Kan. 364 (Syl. 3), 264 P. 2d 1079.) A careful review of the record before us establishes that the trial court specifically found that an agreement was entered into by the parties at a time when they were competent to do so, that judgment was rendered accordingly, and we are aware of nothing which would justify a reversal of that judgment. Further discussion of the various contentions made would add nothing to the body of our law on the subject.

The judgment is therefore affirmed.