No. 40,008

THOMAS W. VAUGHN, *Appellant*, v. J. H. B. TAYLOR, ALLEN TAYLOR, and ALLEN TAYLOR, Attorney in Fact, et al., *Appellees*.

(302 P. 2d 1004)

Opinion filed November 3, 1956.

*Roy N. McCue*, of Topeka, argued the cause and was on the briefs for the appellant.

*Charles S. Scott*, of Topeka, argued the cause, and *Elisha Scott, Sr.*, and *John J. Scott*, both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action to quiet title to a residence property in the city of Topeka. Plaintiff has appealed from an adverse judgment.

The case was tried on the pleadings and a so-called oral "agreed" statement of facts. Those not in dispute are as follow:

One J. H. B. Taylor was the owner of the property in question at the time of his death, intestate, on July 17, 1937. In May of that year plaintiff and his wife Lucy, who was Taylor's niece, moved into the home with him. Following Taylor's death they continued to occupy the premises. Lucy died in September, 1948, and plaintiff has continued in possession to the present time.

Taylor was survived by his daughter, Hortense Colly, as his only heir-at-law. In 1931 she was adjudged insane by a California court and was committed to an institution in that state. She has remained in that status to the present time. Ever since Taylor's death, in 1937, plaintiff has occupied the premises in question to the exclusion of Hortense, and has received and retained rentals in the amount of $1,360.

Plaintiff's contention, as pleaded by him, is that in May, 1937, he and his wife Lucy, pursuant to an alleged oral agreement with Taylor that if they would move into the property and make a home for Taylor during the remainder of his life he, Taylor, would give them the property upon his death, moved into the property and fulfilled their part of the agreement, and that ever since he, the plaintiff, has been in possession of the premises and is now the owner thereof.

This contention is denied by Hortense, through her guardian.

At the conclusion of the hearing below the trial court found that plaintiff's amended petition was without merit; that Hortense, as the daughter and sole heir-at-law of decedent, is the owner of the property and entitled to possession thereof, and further entered judgment in her favor against plaintiff in the amount of $1,360 which he had received as rentals from a portion of the premises.

In this court plaintiff raises a question concerning the application of the statute of limitations as preventing one in possession from asserting his title under an oral contract executed and performed by both parties during the lifetime of the owner, and concerning the effect of the adjudication of insanity of Hortense some six years before plaintiff's cause of action accrued.

Under the record before us, however, there really is nothing for this court to review. Plaintiff introduced no evidence concerning the alleged oral agreement with decedent, and we have no way of knowing the basis of the trial court's judgment other than that Hortense, as the sole surviving heir-at-law of her father, naturally is entitled to inherit all of his property. In this state it is an elementary rule of law that a presumption of validity attaches to a judgment of a district court, and such presumption obtains and continues until it has been made affirmatively to appear that error, which is never presumed, has been committed. (*Quivira, Inc., v. Quivira Co., Inc.,* 173 Kan. 339, 245 P. 2d 972; *Smith v. DeHay,* 176 Kan. 422, 271 P. 2d 251; *State, ex rel., v. Henderson,* 179 Kan. 142, 292 P. 2d 718.) Plaintiff has failed to sustain that burden.

Plaintiff also complains of the fact the trial court rendered judgment against him for rentals he had received without giving him credit for expenditures such as for taxes, insurance, general maintenance and other items. With respect to this matter the journal entry of judgment recites that plaintiff had paid all taxes as they became due and made all necessary improvements since 1937, "the exact nature of which are unknown." The record does not reflect that plaintiff introduced any evidence touching the amount and nature of those expenditures and, absent such evidence placing the issue before the court, he is in no position to complain.

No error being shown, the judgment is affirmed.