No. 43,653

C. N. McClelland, d/b/a Pittsburg Tank & Tower Company, *Appellant*, v. Chester Barrett, *Appellee*.

(392 P. 2d 951)

Opinion filed June 6, 1964.

*Rollie P. Emmitt, Jr.*, of Pittsburg, argued the cause and was on the briefs for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

Parker, C. J.: Plaintiff brought this action in the district court of Crawford County to recover money from the defendant by filing a petition wherein he alleged a portion of the amount sued for was by reason of an account stated and the remainder due by further adjusted debits and credits. Defendant responded to the petition by an answer in which, among other things, he denied all allegations of that pleading and specifically disclaimed any liability whatsoever on the account therein relied on.

With issues joined as related the cause was tried by the trial court which, after hearing evidence adduced by both parties, ultimately held generally in favor of the defendant and against the plaintiff and then, after overruling plaintiff's motion for a new trial, rendered judgment accordingly. Thereupon plaintiff perfected the instant appeal.

Appellant's specification of errors raises but two questions, both of which require a review of the evidence and can be considered together. They are (1) that the trial court erred in rendering judgment in favor of the defendant and against the plaintiff and (2) that such court erred in overruling the motion for new trial. For purposes now pertinent it may be said that the all important ground of the motion for a new trial was based upon the premise the decision of the court *and the findings of fact made in the court's memorandum brief* were in whole or in part contrary to the evidence. We are at a loss to know why appellant saw fit to include the above emphasized language in the involved ground of his motion for a new trial. In any event the record presented fails to disclose that findings of fact were made by the trial court in rendering its decision, hence if any such findings were made they cannot be reviewed or considered. Thus it appears that under his specifications of error appellant can only prevail in the case at bar if, by the record presented, he has made it affirmatively appear that the trial court's general judgment is not supported by the evidence of record.

In this jurisdiction the universal rule is that a presumption of validity attaches to a judgment of the district court until the contrary is shown and that before this court will set aside a judgment is must be affirmatively made to appear that such judgment is erroneous. See *State, ex rel., v. Rural High School District No. 3*, 169 Kan. 671, 220 P. 2d 164; *Smith v. DeHay*, 176 Kan. 422, 271 P. 2d 251; *State, ex rel., v. Henderson*, 179 Kan. 142, 292 P. 2d 718; and *Blakey v. Zirkle*, 187 Kan. 562, 564, 565, 358 P. 2d 758, and cases there cited.

For numerous other decisions of like import see West's Kansas Digest, Appeal & Error, § 901, and Hatcher's Kansas Digest (Rev. Ed.), Appeal & Error, § 583.

See, also, *Quivira, Inc. v. Quivira Co., Inc.*, 173 Kan. 339, 245 P. 2d 972, and *Gilley v. Gilley*, 176 Kan. 61, 268 P. 2d 938, which hold that on an appeal the rule is that error is never presumed and the burden is on the party alleging error to show it.

Before proceeding further we are confronted with a problem which does not seem to have been recognized by appellant either in his brief or on oral argument. Appellant has been guilty of failing to comply with Rule No. 5 (G. S. 1949, 60-3826, 188 Kan. XXVII) of this court because his abstract fails to reproduce all

portions of the record necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose. More specifically the record presented on appellate review by appellant, so far as it relates to the evidence introduced in the case with respect to rights and liability of the parties in connection with the account sued on, is limited solely to the testimony of C. N. McClelland, owner and manager of the appellant company, while testifying on direct examination as a witness in his own behalf. The abstract, in total disregard of the requirements of Rule No. 5, *supra*, fails to include the cross-examination of such witness and in addition it fails to include the testimony of divers other witnesses who obviously testified as witnesses for or against the respective parties.

In a situation such as has just been related this court might well dismiss the instant appeal. See *Rice v. Hovey*, 180 Kan. 38, 299 P. 2d 45, where it is held:

"Appellants' failure to comply with Rule No. 5 of the Supreme Court Rules (174 Kan. XI; G. S. 1949, 60-3826) by including in their abstract of record an abstract of the pleadings and of the evidence to enable this court to arrive at a full understanding of the questions involved and their failure to include a specification of errors complained of separately set forth and numbered, is fatal, and following *Miller v. Rath*, 173 Kan. 192, 244 P. 2d 1213 and *Quick, Receiver v. Purcell*, 179 Kan. 319, 295 P. 2d 626, the appeal is dismissed." (Syl. ¶ 2.)

Of a certainty, under the confronting facts and circumstances, we are compelled to conclude that appellant has failed to affirmatively make it appear that the trial court erred in rendering the involved judgment and therefore hold that, under the well-established decisions to which we have referred to earlier in this opinion, such judgment must be affirmed.

It is so ordered.