No. 45,718

E. L. PHILLIPS, d/b/a EASTSIDE MOTOR COMPANY, *Appellee*, v. FLOYD F. FISHER and HAZEL L. FISHER, *Appellants*.

(470 P. 2d 761)

Opinion filed June 13, 1970.

*Kenneth S. Johnson*, of the firm of Shultz & Shultz, of Dodge City, was on the brief for the appellants.

*Don C. Smith*, of the firm of Mitchell, Smith & Patton, of Dodge City, was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendants Fisher were the makers of a promissory note. Plaintiff Phillips signed the note as an accommodation maker. Defendants became in default. Plaintiff paid the balance due and brought this action to recover the amount so paid. Judgment was for plaintiff, and defendants have appealed.

From a very sketchy and incomplete record the following appears to be the background of the matter.

Defendants' son was indebted to an Oklahoma bank on a note dated July 12, 1962, and secured by a mortgage on two automobiles owned by him. He made monthly payments on the note until he was killed on December 8, 1962, in a wreck involving one of the cars. Defendants made the monthly payments on the note on December 25, 1962, and January 20, 1963.

On April 10, 1963, the balance due on the note was $3,950.00. On that date defendants executed a new note to the bank for that amount. Plaintiff signed as an accommodation maker. Defendants

took possession of the two cars in question—one of which was wrecked. Defendants made twelve monthly payments on the note —and then defaulted. On June 2, 1964, plaintiff paid off the balance due in the amount of $2,376.40. In March of 1965 plaintiff brought this action to recover the amount so paid by him.

The mater dragged along for several years, and in January 1969 summary judgment was entered for plaintiff in the amount sued for, together with interest.

In their appeal defendants raise a number of points—all of which have been examined and are found either to be completely without merit or else—in view of the vague record presented—incapable of meaningful and specific discussion. For example—plaintiff is re-ferred to both as an "accommodation party" and as one who "guaranteed" payment of the note. It also is argued that he was not a "holder in due course." The note is not set out in the record and so we have no way of knowing plaintiff's precise status. Oral argument of the appeal was waived, thus affording no opportunity to inquire as to this or other questions. In both the amended answer and in a deposition, execution and delivery of the note were ad-mitted. Defendants also admitted making monthly payments on the note. Their explanation for discontinuing payments appears to have been an after-thought. No reason has been advanced why plaintiff—who eventually paid off the balance on the note—should not be permitted to recover from defendants—as makers.

It always has been the rule that a presumption of validity at-taches to a judgment of the district court until the contrary is shown. Error is never presumed, and when an appellant brings a case to this court the burden is upon him to make it affirmaively appear that the judgment below is erroneous and that his substan-tial rights have been prejudicially affected thereby. If he fails in sustaining such burden the judgment must be affirmd. See *McCel-land v. Barrett*, 193 Kan. 203, 392 P. 2d 951, and the many decisions cited in Hatcher's Kansas Digest, Appeal and Error, § 583 and West's Kansas Digest, Appeal & Error, § 901.

Under the record in this case defendants have not sustained their burden of showing reversible error. The judgment is affirmed.