NOT DESIGNATED FOR PUBLICATION

No. 114,970

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

G and B MINING, LLC, et al.,
*Appellants*,

v.

VERNON SCHEMM and DIXIE SCHEMM, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wallace District Court; JACK L. BURR, judge. Opinion filed November 3, 2017.
Affirmed.

*Caleb Boone*, of Hays, for appellants.

*Adam C. Dees* and *Jeffery A. Mason*, of Vignery, Mason & Dees L.L.C., of Goodland, for
appellees.

Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.

BUSER, J.:  This is an appeal by G and B Mining, LLC; Michael Bertelsen; and
Tim Goodwin (collectively G and B Mining or appellants) from the district court's
September 28, 2015 order dismissing its 2015 lawsuit filed against Vernon Schemm,
Dixie Schemm, the Vernon D. Schemm Trust, the Dixie A. Schemm Trust, the Dale A.
Radiel Revocable Trust (Radiel Trust), the F. Ellen Pancake Revocable Inter Vivos Trust,
and the Bill E. Pancake Revocable Inter Vivos Trust (Pancake Trusts) (collectively the
Defendants) regarding a real estate dispute. Having considered the record on appeal, the
parties' briefs, and oral arguments, we conclude the district court's judgment dismissing
the lawsuit should be affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In order to understand the basis for the district court's order of dismissal in this 2015 civil case, it is necessary to summarize earlier litigation involving the same parties and the same real estate dispute that was filed in 2008.

*1. The 2008 Petition*

In February 2008, G and B Mining filed a lawsuit, 08-C-03 (2008 petition), against the Defendants. This lawsuit asserted that in 1991 Dale and Joyce Radiel had conveyed land in Wallace County to the Schemms while retaining a 50% mineral interest "for a period of twenty (20) years [from and after October 21, 1991] or as long as there is production." Sixteen years later, in 2007, the Radiel Trust conveyed half of its mineral interest to G and B Mining by means of a mineral deed. In sum, as of 2008, the Schemms owned all of the surface rights and one-half of the mineral rights to the land. Based on the mineral deed, G and B Mining claimed ownership to one-fourth of the minerals on the Schemms' land.

The lawsuit consisted of three counts. Count I sought to recover possession of the mineral interest and/or ejectment of the Schemms to allow G and B Mining to "fully possess, enjoy, mine, explore and produce minerals . . . with all lost rents and profits . . . and/or damages and costs." Additionally, G and B Mining sought to "quiet title in themselves of their interest as set forth hereinabove and *to effect a partition of the realty* . . . pursuant to K.S.A. 60-1002 [and K.S.A. 60-1003]." (Emphasis added.) Additionally included in Count I, G and B Mining sought an order granting a right-of-way or easement to permit travel upon real property owned by the Pancake Trusts for the purpose of accessing the Schemms' property.

2

Count II of the lawsuit sought injunctive relief to immediately restrain and permanently enjoin the Schemms from "acts of waste" on the real property. In particular, G and B Mining alleged the Schemms had destroyed

> "unique, rare, valuable minerals including crystallized rose quartz formations and geodes, which are precious mineral formations of multiple delicate gypsum, quartz and/or amethyst crystals, many of which are worth tens of thousands of dollars each, using devices such as hammers or other similar tools, striking the outer stone/mineral shells or surfaces of these geodes."

In order to prevent the claimed waste by the Schemms, G and B Mining sought a permanent injunction and temporary restraining order.

Count III of the petition alleged defamation and tortious interference with prospective contracts or business advantage. In particular, G and B Mining claimed the Schemms had made false statements that G and B Mining was not fit "to explore for, mine, extract and use minerals from real property" in Wallace County, the company had "willfully destroyed geodes and other minerals" on the Schemms' real estate, and no one in Wallace County should allow the company to engage in mining in the area.

In their answer, the Defendants generally denied G and B Mining's claims and counterclaimed for trespass and an injunction to preclude the company from doing business in Kansas. During the litigation, the Defendants contested G and B Mining's claim that the land contained geodes. Instead, the Defendants asserted the land contained septarian nodules. As described by the Defendants, these nodules are ball-like structures, often enclosing shell fragments or other nuclei and composed of sandstone or clay cemented by calcite or silica.

The Defendants argued that the terms of the mineral deed should be interpreted narrowly to not include the nodules as minerals. Moreover, they argued that in Kansas

3

minerals are defined using the "community knowledge test" which "would exclude as minerals any substances which were not known to exist in the general vicinity at the time of the conveyance" of the deed. The Defendants submitted records they claimed showed oil and gas recovery in the general area but "[n]o where are there any transactions involving zinc, zinc sulfide or septarians." Finally, the Defendants asserted that courts interpreting the meaning of mineral interests "have limited the conveyance to exclude any minerals which, during the extraction process, will require significant destruction of the surface." According to the Schemms: "In this case, the zinc, zinc sulfide and septarians are a part of the soil and are on the surface and within a few feet of the surface. Thus, their removal would require the destruction of the surface."

In summary, because the Defendants claimed the septarian nodules were not minerals as contemplated by the mineral deed, the Defendants asserted that G and B Mining's lawsuit did not state a claim upon which relief could be granted.

On January 22, 2009, G and B Mining filed a one-page document which sought partition of the mineral interests while asking the district court to delay ruling on the other counts of the petition until a later time. G and B Mining asserted that regardless of whether the minerals were considered personalty or realty, they were subject to partition.

On April 30, 2009, the Defendants responded to G and B Mining's filing by seeking dismissal of the petition. At the outset, the Defendants stated that "[b]etween K.S.A. 60-1003 and *Witt v. Sheffer*, 6 Kan. App. 2d 868, [636 P.2d 195 (1981),] the law appears well settled that partition is an available remedy in this type of case." However, the Schemms contended "the Court still needs to determine what . . . the term 'minerals' means before determining whether partition is an appropriate remedy."

One year later, on April 14, 2010, the Defendants set the matter for a hearing. On that date, the parties conducted a hearing by telephone conference which resulted in the

4

district court ordering mediation. The order appointing a mediator was filed on July 2, 2010. Mediation was unsuccessful.

Over a year later, on September 29, 2011, G and B Mining filed a motion for default judgment. The pleading alleged that the "terrain has been changed due to disruption, digging or other disturbance, which has caused damage to the terrain in the very area where many of the very valuable geodes are to be found on this property." As a result, G and B Mining sought a default judgment due to the "destruction of evidence." Alternatively, G and B Mining sought sanctions against the Defendants.

Seven months later, on April 23, 2012, the Defendants filed a response in opposition to the motion, denying they caused any damage to the property but asserting that any change in the land was due to "the function of natural erosion or natural usage of the surface." Moreover, the Defendants reiterated their contention that "there are no geodes on the property. Septarian concretions exist on the property." The record on appeal does not indicate the district court ever ruled on this motion.

A pretrial conference was held on August 10, 2012. Prior to the hearing, G and B Mining added additional claims in its pretrial questionnaire seeking money damages for conversion, damage and destruction to minerals on the property, and trespass.

The journal entry memorializing the pretrial conference states in relevant part that "the court advises the parties that . . . partition is the appropriate remedy in this matter. However, issues need to be determined prior to a partition. The issues include the ownership interest of the parties, and the nature and extent of the 'mineral interests.'" The district court sought additional written submissions from the parties and set a hearing for September 17, 2012. The record on appeal does not indicate whether this hearing occurred and, if so, what rulings, if any, were made by the district court.

5

Two years after the pretrial conference hearing, on August 4, 2014, the Defendants filed a motion to dismiss the petition with prejudice. In particular, the Defendants cited K.S.A. 60-241(b)(1) and alleged that G and B Mining had failed to prosecute its claims. In support, the Defendants noted that the lawsuit was filed in February 2008, and the last pleading filed in the case occurred in December 2012.

A hearing on the motion to dismiss took place on October 13, 2014. The record on appeal does not contain a transcript of the hearing, but the district court filed an order of dismissal after the hearing. The district court found: "The most recent Journal Entry from August 10, 2012, indicates there is a mineral interest in the plaintiff'[s] of 25%. From that Journal Entry it also appears than any appropriate remedy would be partition." The district court concluded that "all claims of the plaintiff in this matter, except those for partition are hereby dismissed with prejudice to the refiling thereof pursuant to K.S.A. 60-241(b)(1)." Of note, the district court dismissed G and B Mining's partition claim *without prejudice*. The Defendants' counterclaims were dismissed with prejudice.

*2. 2015 Petition*

On April 13, 2015—within six months of the dismissal of the 2008 lawsuit—G and B Mining filed a new lawsuit, 15-CV-01 (the 2015 lawsuit), against the same defendants sued in 2008. The first 10 paragraphs of the 2015 petition substantially mirrored the names and addresses of the parties listed in the 2008 petition. Count I of the 2015 petition (containing paragraphs 11 through 29) was nearly identical to the paragraphs contained in Count I of the 2008 petition. Similarly, the 2015 petition sought to quiet title, possession, ejectment and/or partition of realty, and recovery of lost rents, profits, damages, and costs. Additionally, as before, G and B Mining sought an order granting a right-of-way or easement to permit travel upon real property owned by the Pancake Trusts for the purpose of accessing the Schemms' property.

6

Count II of the 2015 petition (containing paragraphs 30 through 38) was a mirror image of Count II in the 2008 petition in seeking a permanent injunction and temporary restraining order to stop the Defendants from "acts of waste" on the real property including destruction of geodes.

The 2015 petition invoked the so-called savings statute, K.S.A. 60-518, which G and B Mining alleged permitted the refiling of Counts I and II within six months of the dismissal of the 2008 petition. The 2015 petition did not replicate Count III of the 2008 petition alleging defamation and tortious interference with prospective contracts or business advantage.

On August 14, 2015, the Defendants filed a motion to dismiss the 2015 petition for failure to state a claim or, alternatively, for judgment on the pleadings. The Defendants argued that the savings statute, K.S.A. 60-518, applied only to the claim for partition since the other claims were dismissed with prejudice and the dismissal of those claims was not appealed. In other words, the Defendants argued that all of the claims made in Counts I and II in the 2015 petition, except the partition claim, were dismissed on the merits in the 2008 petition and could not be refiled.

With regard to G and B Mining's partition claim, the Defendants contended that any mineral rights claimed by G and B Mining were created pursuant to a mineral deed dated October 21, 1991, which reserved an undivided one-half interest in all mineral rights for a period of 20 years or as long as there was production. The Defendants argued that G and B Mining's mineral interest expired on October 21, 2011, and it had made no claim of any mineral production or operations during or after the expiration of the 20-year mineral interest term.

In response to the motion to dismiss, G and B Mining filed a two-page pleading which argued that it had a right to "receive [its] proper partitioned share of the

7

personalty" of destroyed, damaged, or removed geodes. G and B Mining also asked the district court to inventory the geodes severed from the land and partition them and award damages for the "destruction of those portions of such personal property which the Plaintiffs did have an ownership interest in at the time of the acts committed by the Defendants of damage or destruction or carrying-away of such property." Finally, G and B Mining asserted it was "frustrated in [its] attempt to obtain production from the property, by actions of the Defendants." As a consequence, the Defendants were estopped from claiming a "failure to fulfill the condition precedent" in the mineral deed.

On September 28, 2015, the district court heard arguments on the Defendants' motion to dismiss. The motion was granted at the conclusion of the hearing with a journal entry filed later.

On November 25, 2015, G and B Mining moved to alter or amend the district court's judgment of dismissal, contending the district court "did not take into account that the claim of the Plaintiffs' for damages involved personalty, which is governed by different rules than realty." On March 28, 2016, the district court denied G and B Mining's motion "for the reasons previously set forth in the record of the original hearing on the Motion to Dismiss and in the Journal Entry thereof."

G and B Mining appeals.

ANALYSIS

G and B Mining appeals the district court's granting of the Defendants' motion to dismiss the 2015 petition for failure to state a claim. Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. An appellate court views the well-pleaded facts in a light most favorable to the plaintiff and assumes as true those facts and any inferences reasonably

8

drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

*3. The District Court's Order of Dismissal of the 2015 Petition*

At the hearing on the motion to dismiss, the district judge clearly stated the reasons for his order of dismissal:

> "Well, this case has been a little out of the ordinary from the start. And by this case I am basically including it with the prior case, because I think it is the same case. I just don't see any difference. *We are filing the same thing, making the same arguments, while we are trying to connect them to partition now, the arguments are essentially the same*.
>
> "I don't know, some years ago I think there would be a record somewhere of me indicating to counsel that this appeared to me if anything to be a partition case. That was a long time ago. We proceeded on with all the other arguments about whether the geodes were in the same condition, whether they were still there, whether they weren't still there, what they were worth if they were still there, all that kind of thing. In any event, to make a long story short, I agree with the defendant's motion to dismiss.
>
> . . . .
>
> "*I just don't see there is anything new in this case. This is the same case. And the fact that we are now trying to bring in these allegations under the guise of partition*, that just doesn't impress me, I guess. The 20-year statute or the 20-year period for the mineral interest in this case, which was the basis for the entire case to begin with, that 20 years has expired. The only thing which could save it would be if this case was considered still pending, because the previous case the earlier case was dismissed. There is no question about that and that wasn't appealed. So, as far as I am concerned, there is nothing left. I'm going to grant the Motion to Dismiss of the defendants." (Emphases added.)

9

Subsequently, the district court signed a journal entry of dismissal. In relevant part it stated:

> "1.  Wallace County Case 15 CV 01 and Wallace County Case No 2008 CV 03 are the same case. They are the same arguments.
> "2.  *All claims of the plaintiffs were determined on the merits in the prior case, except as to that partition were determined in 2008 CV 03 against the plaintiffs.*
> "3.  No appeal was taken from those determinations in 2008 CV 03.
> "4.  Because the determination of those claims was on the merits, K.S.A. 60-518 does not apply.
> "5.  As to the claims on partition, the court finds that the 20 year term of the mineral interest contained in the deed set forth in the petition expired in October of 2011.
> "6.  The plaintiffs have not set forth any facts in either the petition in 2015 CV 01 nor the Response to the Motion to Dismiss or Motion for Judgment on the pleadings which would indicate any defense against the expiration of that 20 year mineral term." (Emphasis added.)

Based on the district court's findings that it articulated at the hearing and later memorialized in the journal entry of dismissal, we understand the district court's order of dismissal to address two separate aspects of the 2015 petition.

First, the district court confirmed that it had previously dismissed with prejudice all of G and B Mining's claims in the 2008 petition, except the claim seeking partition of real property, which was dismissed without prejudice. Of particular importance, the dismissed claims would have included those relating to lost rents and profits and damages for damage, destruction, or conversion of the geodes. In addition, the dismissal would have included G and B Mining's request for injunctive relief to immediately restrain and permanently enjoin the Schemms from "acts of waste" on the real property which G and B Mining alleged involved damaging or destroying geodes. Finally, the dismissal with prejudice included claims for defamation and tortious interference with prospective contracts or business advantage—claims which were not refiled in the 2015 petition.

10

As to these nonpartition claims, the district court had previously ruled that because the dismissal of the 2008 petition was on the merits and with prejudice, the district court's judgment in the 2008 case was final. This ruling is consistent with K.S.A. 2016 Supp. 60-241(b)(1), which provides:

"If the plaintiff fails to prosecute or to comply with this chapter or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, except one for lack of jurisdiction, improper venue or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits."

Additionally, in dismissing the 2015 petition, the district court held that these claims could not be refiled under the Kansas savings statute, K.S.A. 60-518. That statute provides that "[i]f any action be commenced within due time, and the plaintiff fail[s] in such action *otherwise than upon the merits*, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." (Emphasis added.) K.S.A. 60-518. Given the plain language of K.S.A. 2016 Supp. 60-241(b)(1) and K.S.A. 60-518, we find no error in the district court's legal conclusion.

Moreover, the doctrine of res judicata also precluded the refiling of the non-partition claims in the 2015 petition. Res judicata prevents relitigation when the following conditions occur:  "'(1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of persons for or against whom claim is made.' [Citations omitted.]" *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284 (2002). With regard to the non-partition claims refiled in 2015, all four conditions were present in both the 2008 and 2015 litigation. Consequently, we find no error in the district court's conclusion that the nonpartition claims refiled in 2015 should be dismissed.

11

Second, as to the partition of real estate claim first sought in the 2008 petition which was dismissed without prejudice and later refiled in the 2015 petition, the district court ruled that the 20-year mineral interest term contained in the deed expired in October 2011 prior to the filing of the 2015 petition. Additionally, the district court noted that G and B Mining did not set forth any facts in the 2015 petition or related pleadings to show a defense to the expiration of the 20-year mineral interest term.

Once again, the district court's conclusion is on firm legal ground. Kansas law provides that courts will not extend the term of a mineral deed or revive rights which the parties themselves have definitely fixed by their contract. *Wagner v. Sunray Mid-Continent Oil Co.*, 182 Kan. 81, Syl. ¶ 1, 318 P.2d 1039 (1957).

Having summarized the key legal and factual findings made by the district court in dismissing the 2015 petition, we next consider G and B Mining's appeal of the adverse judgment. Preliminarily, we review whether the appellants are procedurally barred from appealing this matter due to noncompliance with our appellate rules.

*4. Appellants' Noncompliance with Rules of Appellate Procedure*

We conclude the appellants' brief is in substantial noncompliance with our Rules of Appellate Procedure. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34-35) provides:

> "An appellant's brief must contain the following:
> . . . .
> "(5) The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on."

12

First, G and B Mining raises five issues on appeal. In each issue, the appellants reference various paragraphs from the 2015 petition and then state that the district court's ruling on the issue was made at volume 1, page 30 of the record on appeal with references to several numbered paragraphs. Yet, this record citation is obviously incorrect because at volume 1, page 30 is found several numbered paragraphs relating to the defendants' motion to dismiss, not any ruling made by the district court. Inexplicably, no correct record reference is provided by the appellants where the district court ruled on the five issues G and B Mining raises on appeal. Moreover, upon our review of the record on appeal, we are unsure regarding whether the district court ever ruled on the five issues the appellants ask us to consider. This is a significant deviation from our appellate rules because it frustrates our appellate review.

Second, it is fundamental that an appellants' brief must contain arguments and authorities which the appellants are relying on to show the district court's error. G and B Mining's brief consists of only six pages of argument and authorities. Apart from citations relating to the standard of review for a motion to dismiss, there are few legal authorities cited with scant argument. For example, the legal argument in Issue II relating to "[t]he destruction of personal property subject to partition gives rise to a claim for money damages" consists of two sentences. The third issue relating to "[t]he destruction of personal property subject to partition may be remedied by the court's exercise of its equitable power to apportion the property via partition and its legal power to grant money damages via a tort jury trial" consist of two sentences. The arguments presented in the fourth and fifth issues consist of one and three sentences respectively. In short, the appellants' brief is wholly inadequate to inform us of G and B Mining's legal arguments and supporting authority.

G and B Mining's failure to comply with our appellate rules is fatal to its appeal. It is well known that an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Similarly, a point raised incidentally in a brief and not argued therein is also deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). The appellants have wholly failed to comply with our essential appellate rules. For this reason, we hold the issues on appeal have been waived or abandoned.

*5. Appellants' Failure to Appeal the Adverse District Court Judgment*

Having previously summarized the key legal and factual findings made by the district court in its dismissal order, we next consider another fatal flaw in G and B Mining's appeal. The appeal is noteworthy for its failure to address the two grounds upon which the district court ruled that dismissal of the 2015 petition was proper. With regard to the nonpartition claims, the appellants do not contest or present legal authority showing error in the district court's conclusion that G and B Mining was precluded under the savings statute from refiling in 2015 those claims in the 2008 petition that were dismissed with prejudice on the merits and then not appealed.

Moreover, with regard to the partition claim, G and B Mining does not mention or contest the district court's determination that the 20-year mineral interest term in the deed expired prior to the filing of the 2015 petition. In sum, on appeal the appellants do not provide legal authority or argument showing how the district court erred in dismissing the 2015 petition.

This omission is consequential:

"It always has been the rule that a presumption of validity attaches to a judgment of the district court until the contrary is shown. Error is never presumed, and when an appellant brings a case to this court the burden is upon him to make it affirmatively appear that the judgment below is erroneous and that his substantial rights have been prejudicially affected thereby. If he fails in sustaining such burden the judgment must be

14

affirmed." *Phillips v. Fisher*, 205 Kan. 559, 560, 470 P.2d 761 (1970) (citing *McClelland v. Barrett*, 193 Kan. 203, 392 P.2d 951 [1964]).

Since G and B Mining has not even addressed the grounds for the district court's order of dismissal—let alone shown error—the judgment is presumed valid and should be affirmed. See *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 280, 225 P.3d 707 (2010). Upon our reading of the appellants' brief we are persuaded that the issues raised therein fail to challenge the validity of either of the district court's grounds for dismissal. Accordingly, on this basis alone the appeal fails.

Affirmed.