2014 OK CIV APP 89

### OMNI AIR TRANSPORT, L.L.C., Plaintiff/Appellee,

v.

### AVIATION WEST CHARTERS, INC. d/b/a Angel Medflight d/b/a Angel Medflight Worldwide Air Ambulance Services as Successor in Interest to Angel Air Services, L.L.C., Defendant/Appellant.

No. 112960.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 14, 2014.

Jason S. Taylor, Paige N. Shelton, Connor & Winters, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellee.

Chad M. Neuens, Neuens, Mitchell, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellant.

WM. C. HETHERINGTON, JR., Vice-Chief Judge.

¶ 1 Aviation West Charters, Inc., d/b/a Angel Medflight d/b/a Angel Medflight Worldwide Air Ambulance Services as successor in interest to Angel Jet Services, LLC, (Aviation West), appeals two trial court orders. The first is an order granting Plaintiff, Omni Air Transport, LLC's (Omni), Motion To Compel and Dismiss Counterclaims, and the second, a Journal Entry of Judgment granting Omni's motion for summary adjudication for breach of contract due to unpaid invoices. We affirm.

### FACTS

¶ 2 The parties entered into two separate "Omni Exclusive Use Agreements", one dated September 28, 2010 and the other February 28, 2011. Omni sued for unpaid invoices with a resulting $189,552.36 Journal Entry of Judgment entered June 17, 2014 by summary adjudication proceedings against Aviation West. This summary judgment followed a sanction order entered November 30, 2012 where at Omni's request, the trial court dismissed Aviation West's counterclaims and then overruled Aviation West's request to reconsider. Aviation West appeals from these orders.

*The Sanction Order*

### STANDARD OF REVIEW

¶ 3 We review the November 30, 2012 sanction order under an abuse of discretion standard. *State, ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 2, 61 P.3d 234, 240; *Agrawal v. Duke Energy Field Services, L.P.*, 2013 OK CIV APP 61, ¶ 11, 307 P.3d 371. To reverse for abuse of discretion, we must determine the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale*, 1980 OK 161, 619 P.2d 608, 612. For the reasons stated herein, we find the trial court did not abuse its discretion when it declined to vacate the November 30, 2012 sanction order dismissing Aviation West's counterclaims.

### ANALYSIS

¶ 4 Proceedings to impose sanctions are considered equitable in nature. *Warner v. Hillcrest Medical Center*, 1995 OK CIV APP 123, 914 P.2d 1060, 1072. Though we examine and weigh all proof in the record relevant to the sanction imposed, a presumption exists the lower court decision on the sanction is legally correct and cannot be disturbed unless contrary to the weight of the evidence or to a governing principle of law. *Id.*

¶ 5 Aviation West appeals alleging the trial court erred by dismissing its counterclaims and by holding Aviation West was likewise prohibited from producing evidence of its counterclaim facts in support of an affirmative defense of setoff.

¶ 6 A review of the extensive record reveals a contentious and lengthy discovery process. We measure the imposition of the sanction dismissal by the five-factor test expressed in *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir.1993).

(1) the quantum of prejudice noncompliance has caused the adversary (or moving) party;

(2) the extent of interference with the judicial process;

(3) culpability of the litigant;

---

(4) whether the court warned the party in advance that noncompliance could lead to dismissal or default judgment, and;

(5) the efficacy of lesser sanctions.

¶ 7 Aviation West had asserted counterclaims involving significant damages. The record demonstrates that for well over a year, Omni attempted to conduct discovery by deposition, interrogatories and requests for production to discover specific and complete information regarding Aviation West's calculation of damages, it's designated witnesses and specific documentation in support thereof which Omni never substantially received. Numerous scheduling orders were entered, the first being on July 11, 2011, and a final status conference order entered August 29, 2012. That order granted six-month extensions and again set discovery deadlines for February 15, 2013. This period covered over 18 months. The record shows Aviation West produced volumes and thousands of pages of transcripts, telephone conversations and many other documents that were not requested by Omni and/or not responsive to Omni's discovery requests. The trial court entered a specific production order to complete responses to interrogatories by September 29, 2012. Transcript portions of arguments reveal that counsel for Aviation West was replaced by new counsel and argument was heard, which the trial court recognized and made a specific finding, that the discovery abuse was not the fault of the attorneys but that of the litigant. Failure to comply continued through an October 25, 2012 discovery hearing and subsequent sets of discovery requests, with very little specific production of documents or supplements to interrogatories responsive, particularly to Omni's production request "number 11", nor other supporting direct evidence to support specific damage allegations and define witnesses on all counterclaims made. On November 30, 2012, the trial court made a finding stating "the failure of defendant to properly supplement its discovery responses is not substantially justified and is in clear disregard of this court's orders." The trial court had previously warned Aviation West in August of 2012, explicitly stating that further sanctions, which could include dismissal of its counterclaims and/or default judgment, would result if defendant failed to comply with the court's order to provide more complete answers to interrogatories and produce all responsive documents or a privilege log prior to the hearing scheduled for September 29, 2012.

¶ 8 Finally, an example of the extent of discovery interference and litigant culpability is the deposition transcript portions of the corporate designated "unpaid invoice" witness for Aviation West, Ms. Kelly LoCascio.[1] To begin with, Omni agreed to a deposition trip to Arizona with the expectation of being able to depose designated witnesses and complete depositions of all corporate witnesses or representatives. During this trip one witness, Mr. Michael Smith, was identified as the witness to testify to "Topic # 5", the "incidents providing the basis for Aviation West's non payment of Omni invoices and affirmative defenses." Review of that testimony shows this person had no knowledge of any unpaid invoices or the reason they were not paid. Late in that day, Omni counsel was advised of Kelly LoCascio and that she would be the corporate witness on this topic, but that she was suddenly and unexpectedly unavailable. Even though promises by counsel were made to produce this witness in Tulsa, that did not happen and Omni made another trip to Arizona to depose her. She was deposed for approximately four hours and the relevant portions of the testimony clearly show distraction, evasion and ultimately no meaningful testimony concerning Aviation West's non-payment of invoices other than her assertion Aviation West was due more on their counterclaims than any amount due for unpaid Omni invoices.

¶ 9 Our Oklahoma Discovery Code, 12 O.S. Supp.1996 § 3237(B)(2), allows trial court discretion to "sanction a disobedient party by dismissal of its claim or by a default judgment" and lists the permissible sanc-

---

1. See entire deposition transcript of Kelly LoCascio, Exhibit "1" to Omni's reply brief in support of its motion to strike defendant's motion for summary judgment on affirmative defense of set-off and motion for sanctions against defendant filed December 17, 2013.

tions. This list "authorizes a broad spectrum of sanctions for abuse of the discovery process". *Payne v. Dewitt*, 1999 OK 93, ¶ 8–11, 995 P.2d 1088. Considering this discovery record and sanction criteria, we see no abuse of discretion.

### The Motion For Summary Judgement
### STANDARD OF REVIEW

¶ 10 In determining whether summary adjudication was appropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Omni was entitled to judgment as a matter of law. *Perry v. Green*, 1970 OK 70, 468 P.2d 483. Appellate courts bear the same affirmative duty as trial courts to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by Aviation West. *Copeland v. Lodge Enterprises, Inc.*, 2000 OK 36, ¶ 8, 4 P.3d 695, 699. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Aviation West. *Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535. Appellate courts are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company*, 1985 OK 25, 698 P.2d 17.

### ANALYSIS

¶ 11 There is no dispute the parties were bound by the terms of the two "Exclusive Use Agreements" and there were unpaid invoices owed to Omni as listed in Omni's Exhibit C to its motion for summary judgment. On two different occasions, general counsel for Aviation West first recognized an unpaid total of $131,740.17 as reflected in Exhibit D to the summary judgment motion, and then later as shown in Exhibit E an admission in the amount of $149,495.11. None of Aviation West's evidence in opposition to Omni's motion presents evidence raising factual questions as to any of the invoices totaling $189,552.36. There is testimony that portions of the invoices are unpaid but no

factual support as to legal reasons in defense of their unpaid status or what portions of which invoices were paid or partially paid. All assertions in opposition to Omni's invoices were directly related to what Aviation West claims Omni owed as setoff or counterclaim damages of $281,074.74.

¶ 12 Under § 3237(B)(2), the November 30, 2012 order results in an adjudication on the merits which dismissed the counterclaims and for the reasons discussed below, is a bar to Aviation West's use of the same evidence as setoff defense to Omni's breach of contract claim for unpaid invoices.

¶ 13 Prior to the adoption of Oklahoma's current pleading code, a distinction between a counterclaim and a demand for setoff was recognized. Setoff at that time, was also known as a cross-demand. *Board of Education of Town of Ringling v. State*, 172 Okla. 437, 46 P.2d 325, 327 (1935). Counterclaims secured the defendant its "full relief". *Mathews v. Sniggs*, 75 Okla. 108, 182 P. 703, 706 (1919). With the change in Oklahoma's pleading code in 1984, we no longer recognize any of the earlier distinctions between setoff and counterclaim. *F.D.I.C. v. Moss*, 1991 OK 116, fn. 17–18, 831 P.2d 613, 622; *See e.g.*, 12 O.S.1981 § 273 (repealed in 1984), 12 O.S.1961 § 274 (repealed in 1965), 12 O.S. 1981 § 324 (repealed in 1984); *See also*, 12 O.S. Supp.1988 § 2013. This judgment on the counterclaim merits is therefore entitled to preclusive effect on Omni's motion for summary judgment.

¶ 14 In its November 30, 2012 order, we have ruled the trial court properly determined the counterclaims when it:

... ORDERED that all of Defendant's Counterclaims be dismissed with prejudice as a sanction for Defendant's failure to cooperate in discovery ... and failure to comply with the Court's order emanating from the August 29, 2012, conference."

Then the trial court further found in its June 17, 2014 journal entry order on summary judgment:

... the Court's Order Granting Motion to Compel and Dismissing Counterclaims dated November 29, 2012 and filed of record on November 30, 2012 disposes entirely of

Defendant's right of setoff for the damages allegedly incurred by Defendant when Plaintiff allegedly failed to provide aircraft to Defendant as a sanction for Defendant's failure to cooperate in discovery on the issue, whether Defendant frames that right as a counterclaim or as an affirmative defense.

¶ 15 The result was a final appealable order and we find no genuine issue of any material fact as to whether or not Omni was entitled to judgment on its unpaid invoices in the amount of $189,552.36, as a matter of law.

**AFFIRMED.**

JOPLIN, P.J., and BUETTNER, J., concur.