NOT DESIGNATED FOR PUBLICATION

No. 126,302

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

C.D.,
*Appellee*,

and

S.T.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harper District Court; GATEN WOOD, judge. Submitted without oral argument. Opinion filed April 19, 2024. Affirmed.

*Alan C. Goering*, of Goering and Slinkard, of Medicine Lodge, for appellant.

*C.D.*, appellee pro se.

Before SCHROEDER, P.J., CLINE and HURST, JJ.

SCHROEDER, J.:  S.T. (Mother) timely appeals the district court's determination a material change in circumstances was shown by C.D. (Father) based on substantial competent evidence and the resulting change of residential custody orders for the parties' two minor children. After their divorce in 2017, Father and Mother were granted joint custody of their two minor children, with Mother designated as the primary residential parent and Father granted reasonable parenting time. In 2022, Mother notified Father she intended to move with the children to Independence, Kansas, for a new job. Father objected. The district court found Mother's planned and substantially executed move to

1

Independence was a material change in circumstances and, if she moved, Father would have primary residential custody. Mother, after the district court issued its order, requested 30 days to consider her options. The district court also ordered Father and Mother to have shared residential custody on a 2-2-3 day-to-day basis if Mother stayed. Mother, shortly after the district court's order, changed her mind and decided to terminate her move to Independence. Mother further claims the district court abused its discretion when it determined it should change the residential custody/parenting time with the children to a 2-2-3 shared custody arrangement even if she decided not to move to Independence and stayed in Anthony.

We find Father pled and proved a material change in circumstances based on Mother's planned move and surrounding conduct toward substantially completing the move and relocating the children. Thus, the district court had the statutory authority to modify custody consistent with the best interests of the children. We find the district court did not err in denying Mother's request to move the children to Independence and ordering primary residential custody to Father if she did move. We observe no abuse of discretion in the district court's determination it was in the children's best interests to remain in Anthony. Finally, as to Mother's argument the district court erred in finding a change to shared residential custody was in the best interests of the children if Mother did not move to Independence, we find Mother has not properly addressed this point. Thus, we deem it waived or abandoned. Therefore, we affirm the district court's custody order.

FACTUAL AND PROCEDURAL BACKGROUND

The facts are well known to the parties and will be briefly stated. Father and Mother divorced in 2017 and were granted joint custody of their two children born of this marriage with primary residential custody of the children with Mother. Both parties resided in Harper County. Mother resided in Anthony; Father resided in Danville and owned a business in Harper. Father later remarried, and he and his wife currently reside

2

in Danville. The original custody order provided Father with parenting time every other weekend and one night each week, and the children were to remain in school/daycare in Anthony.

In June 2022, Mother notified Father she was moving with the children to Independence for a new job. Father objected to Mother's move, claiming Mother had no family in the Independence area and the children attended school in Harper County and had extended family in Harper County. Father requested the district court grant him primary residential custody if Mother moved to Independence (about 150 miles from Anthony). During the pendency of Mother's move to Independence, the district court held a temporary hearing in August 2022 and ordered the children to remain in Anthony pending resolution of the change of custody motion.

The district court subsequently held a bench trial in September 2022 to consider Mother's move to Independence with the children and Father's request for residential custody of the children. After considering the evidence, the district court found it was in the children's best interests for them to remain in school in Anthony. If Mother moved to Independence, the parties would have joint legal custody and Father would have primary residential custody of the children. If, however, Mother canceled her move to Independence and moved back to Anthony, the district court ordered the parties have joint legal custody and shared residential custody based on a 2-2-3 split. The district court stayed the order for 30 days to give Mother time to decide whether she would finalize her move to Independence for her new job. Mother filed a motion for reconsideration and clarification, asking for more specific factual findings and legal conclusions.

At the hearing on the motion for reconsideration, Mother primarily argued she still wanted to move to Independence and generally complained about how bad Father had been in the past before informing the district court she decided not to move to Independence. Mother found a new house in Anthony and was able to keep her new job

by getting permission to primarily work remotely from Anthony. Mother briefly discussed the ruling for shared residential custody. The district court asked, "[H]ow is the court limited to its decision?" Mother conceded the district court could make the ruling if there was evidence supporting it. In response, the district court pointed to evidence of Mother calling law enforcement when Father wanted to exercise parenting time, as well as the fact Mother unilaterally decided to move and enroll the children in school in Independence. The district court denied Mother's motion to reconsider and stated its previous order for shared residential custody would remain in effect. A permanent parenting plan and child support order were subsequently approved by the district court. Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review*

"When the custody issue lies only between the parents, the paramount consideration of the court is the welfare and best interests of the child. The trial court is in the best position to make the inquiry and determination, and in the absence of abuse of sound judicial discretion, its judgment will not be disturbed on appeal." *In re Marriage of Whipp*, 265 Kan. 500, 506, 962 P.2d 1058 (1998).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said

4

that the trial court abused its discretion." *In re J.W.S.*, 250 Kan. 65, 72, 825 P.2d 125 (1992).

The party asserting an abuse of discretion bears the burden of showing such abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

An error of law occurs when the district court's exercise of discretion is guided by an erroneous legal conclusion. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). An error of fact occurs when "substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *Geer v. Eby*, 309 Kan. 182, 190, 432 P.3d 1001 (2019). "When making [a] determination [as to whether the district court's findings are supported by substantial competent evidence], an appellate court must not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact." *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023). "[A]n appellate court . . . must not substitute its own judgment of the facts and assessment of witness credibility for that of the district court, even when it reasonably finds witness testimony 'unpersuasive.' See *Khalil-Alsalaami v. State*, 313 Kan. 472, 476, 486 P.3d 1216 (2021)." *Granados*, 317 Kan. at 55.

*Discussion*

In her statement of the issues, Mother purports to raise seven claims:

- Whether Father properly pled and proved a material change in circumstances;

- whether Mother's proposed move to Independence was a material change in circumstances;
- even if the move was a material change in circumstances, whether it was in the children's best interests to take away primary residential custody from Mother;
- whether the district court erred in failing to consider the opportunities available to the children if they moved;
- whether the district court erred in finding Father should have primary residential custody of the children if Mother moved, despite various concerns about Father's behavior towards Mother and others;
- whether the district court improperly placed greater weight on the interests of the children's stepmother than it did on Mother's interests or the children's relationship with their half-sister; and
- whether the district court erred in alternatively ordering shared residential custody if Mother remained in Anthony.

To the extent these points are raised in Mother's brief, we are unpersuaded.

"Before a Kansas court may modify a previous order of custody, residency, visitation, or parenting time, there must be a material change in circumstances since the granting of the original or the existing order . . . ." *In re Marriage of Swisher*, No. 123,915, 2022 WL 1511254, at *3 (Kan. App. 2022) (unpublished opinion). Thus, we must first consider whether Father pled and proved a material change in circumstances as a threshold issue to the district court's exercise of its statutory authority under K.S.A. 23-3207(a) ("The court may order a residential arrangement in which the child resides with one or both parents on a basis consistent with the best interests of the child.") and K.S.A. 23-3218(a) ("[T]he court may change or modify any prior order of custody, residency, visitation and parenting time, when a material change of circumstances is shown.").

6

When reviewing a mixed question of fact and law, we apply a bifurcated review. We generally review the factual findings under the substantial competent evidence standard, disregarding any conflicting evidence or other inferences that might be drawn from the evidence. The conclusions of law based on those findings are subject to unlimited review. See *Gannon*, 305 Kan. at 881.

Here, Father pled a material change in circumstances based on:

- Mother gave notice of her intent to move the children to Independence;
- the children had always resided in Harper County and attended school in Anthony;
- the children have extensive ties with Father's extended family in Anthony; and
- Mother has no extended family in or around Independence.

After hearing the evidence presented at trial, the district court agreed with Father. We find substantial competent evidence supports the district court's conclusion that Mother's actions relating to her planned and substantially executed move to Independence constituted a material change in circumstances. Here, Mother had not only planned a move to Independence, but she also had taken substantial steps toward completing the move and relocating the children, as reflected by:

- Mother twice gave Father notice of her intent to move the children;
- Mother accepted a job offer requiring her to work in Independence;
- Mother made an offer on a house in Independence, which fell through;
- Mother made an offer on a second house in Independence and completed the purchase before the custody hearing;
- Mother sold her home in Anthony before the custody hearing;

7

- Mother had already made arrangements for her other child from a previous relationship to move to and attend school in Independence; and

- Mother enrolled the children in the Independence school system for the upcoming academic year.

Consistent with Father's pleading, the evidence reflected the children had always lived in Harper County, attended school in Anthony, and had extensive ties with Father's extended family around Anthony, who they often visited during Father's parenting time. The district court was well-founded in concluding a move to a new school in a new community about 150 miles away from the children's father and extended family constituted a material change in circumstances. We find the district court properly determined there was a material change in circumstances, which permitted it to exercise its discretionary authority under K.S.A. 23-3218(a) in the best interests of the children.

Although Mother ultimately decided not to move to Independence, we observe no abuse of the district court's discretion in finding the planned and substantially executed move was not in the children's best interests. We find Mother has not shown an abuse of discretion on any basis alleged. She fails to identify an error of law in the district court's decision. Mother further fails to identify an error of fact or otherwise demonstrate how the district court's decision was objectively unreasonable. To the extent Mother is arguing the district court's decision is based on an error of fact, her arguments go to the district court's weighing of the evidence, resolution of conflicting evidence, and/or determinations of credibility. These are not matters we can consider in reviewing the district court's decision for substantial competent evidence. *Granados*, 317 Kan. at 41, 55. To the extent Mother argues the district court's decision was unreasonable, we observe her arguments reflect that reasonable people could disagree with the district court's decision. But this is not the standard for an abuse of discretion. Mother must show that *no* reasonable person would agree with the district court's decision. See *In re J.W.S.*, 250 Kan. at 72. Here, a reasonable person—particularly one having a chance to weigh the

evidence as the district court did here—could easily come to differing conclusions. Thus, we cannot find the district court's decision unreasonable.

The only remaining question is whether the district court's decision to change the children's custody from primary residential custody with Mother to shared custody between the parties if Mother canceled her move to Independence and stayed in Anthony was a proper exercise of its authority. However, turning to Mother's final point, we find she has not adequately addressed or explained any error—abuse of discretion—in the district court's decision on shared custody. At best, the point is incidentally raised but not argued; thus, we deem it waived or abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issue not adequately briefed deemed waived or abandoned); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (point raised incidentally in brief but not argued deemed waived or abandoned).

In her analysis, Mother only mentions shared custody in a brief discussion of some of her concerns raised at the hearing on her motion to reconsider because of past statements made by Father. We find this discussion of her concerns insufficient to properly brief the point. See *In re Marriage of Williams*, 307 Kan. at 977.

Further, Mother's statement of the issue ("Did the District Court err by ordering shared parenting when no evidence established it was in the best interests of the children, neither parent requested it and the entire question of shared parenting had been fully litigated in a prior trial and was thus res judicata?"), standing alone, is not a proper argument. Supreme Court Rule 6.02(a)(3) (2023 Kan. S. Ct. R. at 36) requires "[a] brief statement, without elaboration, of the issues to be decided in the appeal." We observe this is different from Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36), which requires "[t]he arguments and authorities relied on, separated by issue if there is more than one."

To the extent Mother makes any attempt to advance an argument about the district court's shared custody decision, Mother's brief does not address it as a separate issue as required by Rule 6.02(a)(5). In claiming error by the district court, Mother fails to brief how the district court erred in ordering shared custody given the evidence it analyzed at the hearing on Mother's plan to move the children to Independence.

"Error is never presumed," and the appellant has a duty to show "the judgment below is erroneous and that his substantial rights have been prejudicially affected thereby." *Phillips v. Fisher*, 205 Kan. 559, 560, 470 P.2d 761 (1970). Here, it is Mother's duty to show error in the ruling below. We find Mother has not met her burden as the district court properly concluded her planned and substantially executed move to Independence was a material change in circumstances. And Mother has not demonstrated an abuse of discretion in the district court's best-interests determinations. To the extent Mother argues—or intended to argue—the district court erred in its alternative decision giving the parties shared residential custody, we deem the point waived or abandoned due to improper briefing. See *In re Marriage of Williams*, 307 Kan. at 977. Accordingly, we affirm the district court's ruling granting joint legal custody and shared residential custody to the parties.

Affirmed.

* * *

HURST, J., concurring: The only issues properly presented on appeal are whether the district court abused its discretion in finding that Mother's proposed move to Independence, Kansas, would constitute a material change in circumstances and whether, under those circumstances, the best interests of the children were served by modifying the existing custody order to give Father primary residential custody. Although Mother identified a litany of issues on appeal, she failed to present arguments or authority supporting most of those issues, and they are waived or abandoned. See Supreme Court

10

Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36); see also *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 15, 61 P.3d 68 (2002) (simply identifying an issue without legal or factual support is a failure to brief resulting in waiver or abandonment of the issue). While I join in the majority's judgment, I write separately to clarify that the district court found Mother's proposed move would constitute a material change in circumstances; but Mother never relocated, and the district court made no other findings of any change of circumstance at the time of the hearing or otherwise allowing for modification of the existing custody order.

The relevant facts are substantially provided in the majority opinion and are straightforward. Mother and Father, after having two children, divorced in 2017. As part of the contested divorce, the district court ordered that Mother have primary residential custody of the two children in Anthony where she lived and where the children attended school. Father resided nearby in Danville with his current spouse and exercised regular parenting time every other weekend and one night per week.

In June 2022, after obtaining a new job in Independence—about 140 miles from Father in Danville—Mother notified Father that she intended to relocate with the children to Independence. Father objected to the relocation and moved to modify custody based on Mother's proposed move, alleging "[t]he proposed move by [Mother] to Independence, KS with the minor children is not in their best interest." Along with the motion, Father submitted a proposed parenting plan granting him primary residential custody should Mother relocate to Independence. Mother filed a competing parenting plan presuming the two minor children would remain in her residential custody after her relocation to Independence.

The district court held a hearing in August 2022 and ordered the children remain in Anthony pending resolution of Mother's request to relocate and Father's objection. The district court held a bench trial in September 2022 and determined it was in the

11

children's best interests to remain in school in Anthony and for Father to have primary residential custody of the children should Mother relocate to Independence. If, however, Mother stayed in Anthony, the district court would still modify the existing custody order to shared residential custody and increase Father's parenting time. But the district court agreed to stay filing its journal entry for 30 days to give Mother time to decide whether she wanted to move to Independence and to make whatever arrangements she needed.

Mother filed a motion for reconsideration and clarification, and the district court held a hearing on her motion. Mother informed the district court that she decided to not move to Independence, that she found new housing in Anthony, and that she could keep her new job by getting permission to work mainly remotely from Anthony. The district court denied Mother's motion to reconsider and stated its previous order would stand. The district court then approved a new custody agreement and parenting plan. Mother appealed.

DISCUSSION

Mother argues that the district court abused its discretion in finding that her proposed moved to Independence would constitute a material change in circumstances, and that under those circumstances the best interests of the children would be served by modifying the existing custody order to give Father primary residential custody. A child custody order is res judicata with respect to the facts existing at the time of the order. See, e.g., *In re Marriage of Whipp*, 265 Kan. 500, 506, 962 P.2d 1058 (1998); *In re Marriage of Bahlmann*, 56 Kan. App. 2d 901, 906, 440 P.3d 597 (2019); see also *State, ex rel. Secretary, DCF v. M.R.B.*, 313 Kan. 855, 865, 491 P.3d 652 (2021) (explaining that the district court may only modify an existing custody order after finding a material change in circumstances). When entering a child custody order, the district court is ultimately charged with determining the best interests of the children under the then existing circumstances. See K.S.A. 23-3201. The district court that entered the existing custody

order was in the best position to know and understand the facts and make a custody determination in the best interests of the children. Therefore, if the material circumstances have not changed, the district court is barred from modifying the existing order and the previous order stands. *In re Marriage of Duckworth*, No. 112,960, 2015 WL 5458658, at *3 (Kan. App. 2015) (unpublished opinion).

However, the district court retains jurisdiction to modify an existing child custody order when a party requesting such modification can demonstrate a material change in the circumstances. K.S.A. 23-3218(a). The ability to continually modify a custody order protects the best interests of the child in the event of "an adverse change of circumstances." *In re Marriage of Whipp*, 265 Kan. at 506. The party seeking modification bears the burden to establish that a material change of circumstances has occurred. See, e.g., *M.R.B.*, 313 Kan. at 861-62. The district court then reviews the materially changed circumstances and determines the best interests of the child under those changed circumstances. See 313 Kan. at 865. If there is no material change in circumstances, the existing child custody order is res judicata and not subject to modification. See, e.g., *In re Marriage of Whipp*, 265 Kan. at 506; *In re Marriage of Duckworth*, 2015 WL 5458658, at *3.

Prior to submitting written notice of her intent to relocate, Mother accepted a new job and purchased a home in Independence. Mother also made plans for her older child from a previous marriage to attend school in Independence. There is no doubt that Mother fully intended and expected that the district court would either find her proposed relocation was not a material change in circumstances, or that it was in the children's best interests to relocate to Independence. As required by applicable statute, Mother notified Father of her intent to relocate with the children prior to changing the children's residence. See K.S.A. 23-3222(a) (requiring a parent "entitled to legal custody or residency" to "give written notice to the other parent not less than 30 days prior to: [1] Changing the residence of the child"). Father objected to Mother's proposed relocation of

13

the children's residence and moved to modify the existing custody order based on Mother's intention to relocate the children. The only material change in circumstances Father cited allowing for modification of the existing custody order was Mother's desired and proposed relocation with the children. Father carried the burden to demonstrate the material change in circumstances and stated that "[t]he proposed move by [Mother] to Independence, KS with the minor children is not in their best interest." See, e.g., *M.R.B.*, 313 Kan. at 861-62. The district court ordered that the parties maintain the status quo until resolution of Father's motion to modify.

Mother therefore maintained her residence in Anthony and did not relocate the children's residence prior to the hearing. It is undisputed that the children never began attending school in Independence nor ceased attending school in Anthony. There is no allegation that Father missed any regularly scheduled parenting time or that he incurred any transportation time or expense outside the existing custody order. Rather, the parties never stopped following the existing custody order; Mother lived with the children in Anthony; and Mother worked remotely for her new job in Independence while awaiting the district court's decision.

Therefore, the question presented to the district court was whether Mother's proposed relocation with the children to Independence would constitute a material change in circumstances allowing modification of the existing custody order. Although Mother took steps with the intention to relocate the children's residence, Mother's attorney explained that "if the court would be inclined to believe that the children—it's not in the best interest of the children [to] move, [Mother] will quit her job, sell her house and relocate back to Anthony." It is undisputed that at the time of trial Mother had not yet relocated the children's residence. The statute under which Mother provided notice of her intent to relocate which requires "written notice to the other parent not less than 30 days prior to" changing a child's residence clearly contemplates that these disputes could be addressed before a relocation. See K.S.A. 23-3222(a). This also makes logical sense as it

14

permits the district court to determine the best interests of the children under changed circumstances before those changes are imposed and create upheaval that the district court may later determine were not in the children's best interests.

Pursuant to K.S.A. 23-3218(a), an existing child support order may be changed or modified "when a material change of circumstances is shown," and K.S.A. 23-3222(c) provides that a change in the child's residence "may be considered a material change of circumstances which justifies modification of a prior order of legal custody, residency, child support or parenting time." A material change in circumstances is a change "that must be of a substantial and continuing nature to make the terms of the initial decree unreasonable." *In re Marriage of Whipp,* 265 Kan. 500*,* Syl. ¶ 3. This court reviews the district court's determination that Mother's proposed relocation would constitute a material change in circumstances for an abuse of discretion. See, e.g., *In re Marriage of Schoby*, 269 Kan. 114, 120-21, 4 P.3d 604 (2000). An abuse of discretion occurs when no reasonable person would adopt the district court's view; when the ruling is based on an error of law; or "when substantial competent evidence does not support a district court's finding of fact on which the exercise of discretion is based." *M.R.B.,* 313 Kan. at 862.

Not every change—or even every relocation—constitutes a material change in circumstances. Yet the district court found Mother's proposed relocation of the children's residence to Independence would constitute a material change in circumstances. In so finding, the district court explained its reasoning as follows:

> "That move to Independence Kansas is a material change of circumstances, because that move *would* affect multiple provisions of the permanent parenting plan filed July 12th, 2018. Among those being affected *would be* father's parenting time, costs associated with transportation. . . . and, obviously, *would* affect what school the children would attend, if not modified by the court herein." (Emphases added.)

15

Mother failed to show that the district court abused its discretion in finding that her proposed relocation of the children to Independence would constitute a material change of circumstances. The district court reviewed the current custody order and found that Mother's proposed move would require a change to the existing parenting schedule that would eliminate Father's weekday parenting time; require the children to change schools; create additional distance from family; and would create additional transportation time and costs to Father. Mother failed to show that the district court made an error of fact or law in determining those constituted substantial and continuing changes in the children's circumstances. Moreover, I cannot say that no reasonable person would agree with the district court that Mother's proposed move of the children's residence from Anthony to Independence—about 150 miles—would constitute a material change in circumstances.

After finding a material change in circumstances, the district court may modify an existing child custody order "whenever modification would serve the best interests of the child." K.S.A. 23-3221(a); K.S.A. 23-3218(a). When determining the best interests of a child, the court "shall consider all relevant factors" including, but not limited to, those enumerated in K.S.A. 23-3203(a). The court found the following factors supported modification of the existing custody order to give Father primary residential custody if Mother relocated to Independence:

> "(6) the interaction and interrelationship of the child with parents, siblings and any other person who may significantly affect the child's best interests;
> "(7) the child's adjustment to the child's home, school and community; [and]
> "(8) the willingness and ability of each parent to respect and appreciate the bond between the child and the other parent and to allow for a continuing relationship between the child and the other parent." K.S.A. 23-3203(a).

The district court also explained that moving the children to Independence would disrupt their existing family relationships because "the family or extended family lives in the

16

Harper County area" and the children "have regular contact with those cousins and grandparents." The district court based its best interests analysis on the change of circumstance of Mother's proposed relocation of the kids to Independence. That is, the district court's best interests analysis presumed Mother's primary residence would be in Independence and if Mother retained primary residential custody the children would attend school in Independence. The district court explained that "based upon [Mother's] move, residential custody should change to the father."

Mother failed to show that the district court abused its broad discretion in finding that under the circumstances of her proposed relocation to Independence, the children's best interests would be served by changing their primary residential custody to Father. Mother failed to show the district court made an error of law or fact but requests this court to reweigh and reassess the evidence. The district court, having an opportunity to assess witness credibility and hear direct testimony, was in the best position to analyze the children's best interests under the proposed change in circumstances. See *M.R.B.*, 313 Kan. at 863. Appellate courts give great deference to the district court's credibility decisions in these cases and cannot reverse based on a belief that the district court incorrectly weighed or considered the evidence. Rather, I am limited to determining whether substantial competent evidence supported the district court's decision. In this case, Mother failed to show that the district court lacked evidence supporting its decision. While Mother argues the district court's fact assessment was incorrect, I cannot say that no reasonable person would agree with the district court.

For reasons not provided, the district court decided to "go a step further and show that if the mother does not move to Independence, Kansas, the best interests of the minor children are served by ordering joint legal custody and a shared residential custody between the mother and the father." The court did not cite any factual findings to support its conclusion that the best interests of the children were served by a modification of the existing custody order in the event Mother did not relocate to Independence. Nor did the

17

district court cite any factual findings supporting a determination that if Mother stayed in Anthony a material change in circumstances existed allowing modification of the existing custody order. However, Mother did not ask this court to address either of these issues.

CONCLUSION

Although Mother identified many possible claims, she failed to argue most of those issues and this court is limited to addressing only whether the district court abused its discretion in finding that: (1) Mother's proposed relocation of the children's residence to Independence constituted a material change in circumstances and (2) based on the materially changed circumstances, the best interests of the children would be served by modifying the existing custody order to give Father primary residential custody if Mother relocated. Mother failed to demonstrate an abuse of discretion as to either of those claims.